THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* GEORGE DENKER, Appellant.

First Department, April 5, 1929.

*Thomas I. Sheridan* of counsel [*Daniel J. Madigan* with him on the brief; *Hartman, Sheridan & Tekulsky,* attorneys], for the appellant.

*Robert C. Taylor, Assistant District Attorney,* of counsel [*Joab H. Banton, District Attorney*], for the respondent.

PER CURIAM. While the result reached by the verdict of the jury was probably right and the evidence fully justified the jury in finding the defendant guilty of assault in the second degree as charged in the indictment, nevertheless, by reason of erroneous instructions given the jury by the judge presiding at the trial, the judgment of conviction must be reversed and a new trial granted.

Under the indictment, the appellant, with another, was charged with the crime of assault in the second degree committed upon the person of the complainant, one Bernard. The defendant was a peace officer, and it was claimed on the part of the People that the assault upon the complainant was committed in connection with the latter's arrest for a misdemeanor. In the course of the court's charge to the jury the court charged the jury in the following language:

" An officer seeking to make an arrest for a misdemeanor, is not justified in assaulting an individual, if the arrest can otherwise be effected, except where the resistance on the part of the person sought to be arrested *is such as to put the officer in danger of great bodily harm.*

" But, where the arrest is sought to be made for a misdemeanor only, and the person sought to be arrested resists the officer by the use of violence and force so that the officer has reasonable ground to apprehend on the part of the person sought to be arrested by him *to do some grave personal injury to him, and there was imminent danger of such design being accomplished,* that the officer acting upon the appearance and conduct of the person sought to be arrested, has the right to believe that he was in *danger of personal violence* and that he, in fact, had reasonable ground to apprehend that he was in imminent danger, then the acts of the defendants were justifiable in law and it will be your duty to acquit the defendants, because the law provides that the assault is justified in the lawful defense of the officers where there is reasonable ground to apprehend *on the part of the complainant to do some great personal*

*injury to the defendants and there is imminent danger of such design being accomplished.*" (Italics are ours.)

The court further charged the jury as follows:

"If you gentlemen find that Bernard committed a disorderly act which under our laws is a misdemeanor, that the defendants sought to take him into custody and that Bernard resisted such attack on the part of the defendants and used force and violence upon the defendants, so as to put the defendants in danger of bodily harm, and that they had reasonable ground to *apprehend on the part of Bernard to do some grave personal injury to them and that there was imminent danger of such design being accomplished, then the defendants had a right to assault Bernard, and it will be your duty of acquit them.*" (Italics are ours.)

And, again:

"If you find that Bernard committed a disorderly act, which under our statute is a misdemeanor, and that the defendants sought to take him into custody, *and that Bernard resisted such attempt on the part of the defendants and used force and violence toward them, but the force and violence used by Bernard was not of a character to put the officers in danger of infliction upon them of grave personal injury, and the circumstances were such that the officers, the defendants, had no reasonable grounds for apprehending a design on the part of Bernard to do some grave personal injury to them and there was no imminent danger of such design being accomplished;* in other words, if you find that the striking of Bernard by the defendants was not in self-defense, then you may convict them of the crime of assault in the second degree, provided that you find the elements of that crime established beyond a reasonable doubt." (Italics are ours.)

At the close of the court's charge to the jury counsel for appellant requested the court to charge as follows: " * * * it was not necessary that the defendant Denker believed he stood in imminent danger of his life or grievous bodily injury in using such force as appeared necessary in repelling the attack."

This request was refused and an exception duly taken in behalf of the said defendant.

In our opinion the instructions thus given to the jury and the court's refusal to charge as requested constituted prejudicial error requiring reversal of the judgment of conviction. The charges made would only be applicable in a homicide case. It is the law that a person has the right to use sufficient force to repel an assault, even though he may not believe himself to be in danger of grievous bodily harm. (*People* v. *Dankberg*, 91 App. Div. 67.) In our opinion the court erroneously confined the right to the defendant

to use force in making an arrest to a situation where the officer believed himself to be in danger of personal violence and injury by the person whom he sought to arrest. The jury could have received no other impression than that the defendant was to be absolved from guilt only in case he believed himself in fear of grave and serious bodily injury at the time of the alleged assault upon the complainant.

In the course of his charge the judge presiding at the trial further instructed the jury as follows: " The justification of a police officer, or a peace officer, in assaulting the person sought to be arrested by him for a misdemeanor, rests solely upon the ground of self-defense."

The court also charged the jury that " The degree of resistance to arrest for the misdemeanor will not justify an officer seeking to arrest a person in assaulting him to accomplish his purpose."

And, again, as follows: "An officer making an arrest for a misdemeanor cannot inflict great bodily harm on the person he is seeking to arrest, except to prevent like harm to himself. The officer must not use greater force than is absolutely and reasonably necessary for his protection."

The court, however, charged the jury, as requested by counsel for defendant, that a police officer has a right to use as much force as is necessary to make an arrest, and that the jury should not measure precisely the limits to which he went, unless they find he exceeded all proper and rational bounds. Under such apparently inconsistent instruction the jury must have been left in a hopeless maze as to just what the rule of law was. Unquestionably the last charge mentioned, in response to requests by defendant's counsel, correctly stated the rule of law. However, in the prior charges to which we have adverted, the instructions to the jury were clearly erroneous and therein the court overlooked the express provisions of subdivision 1 of section 246 of the Penal Law, that the use of force is not unlawful " when necessarily committed by a public officer in the performance of a legal duty." The jury, under the evidence, could have found that the alleged assault was committed in connection with the arrest of the complainant by the appellant, and in overcoming resistance to such arrest. By the several charges referred to the court clearly limited the defense to that of self-defense, and by such instructions the jury must have understood that the only excuse of the defendant in using force was to defend himself from personal injury at the hands of the complainant. In the charges the court limited the defense of the defendant, a police officer, to that of self-defense only. The instructions thus given to the jury we regard as erroneous and

highly prejudicial to the defendant's rights, and in our opinion require a reversal of the judgment of conviction and the granting of a new trial.

The judgment of conviction should be reversed and a new trial granted.

Present — DOWLING, P. J., MERRELL, MARTIN, O'MALLEY and PROSKAUER, JJ.

Judgment reversed and new trial ordered.