THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* CLIFFORD HALLIDAY, Appellant.

Third Department, December 30, 1932.

*Truman, Bassett & Wood* [*James S. Truman* of counsel], for the appellant.

*George L. Andrews, District Attorney,* for the respondent.

HILL, J. The appellant has been convicted of assault in the second degree. The People's complaining witness, Scott, received a " black eye " during the retaking of an automobile which he had purchased on a conditional sales contract. Tiffany, the vendor, the appellant and another, went to the residence of Scott to retake the automobile because of a claimed default by Scott in making payments.

The conditional sales contract was offered in evidence and improperly excluded. It contained the provision: " Upon any such default the seller or any officer of the law may take immediate possession of said property, including any equipment or accessories thereto without legal process, without demand (possession after default being unlawful), and for this purpose the seller may enter upon the premises where said property may be and remove same." This provision was binding upon Scott. (*Upton* v. *Tribilcock,* 91 U. S. 45, 50; *Jenkins* v. *Blackstone Motor Co., Inc.,* 216 App. Div. 583.) Appellant, as the employee and agent of Tiffany and acting under his direction, had authority under the contract, upon default,

to retake the automobile. (*Mendelson* v. *Irving*, 155 App. Div. 114.) Section 76 of the Personal Property Law (as added by Laws of 1922, chap. 642, known as the Uniform Conditional Sales Act) empowers the vendor to retake property with the following limitation: " Unless the goods can be retaken without breach of the peace, they shall be retaken by legal process." Breach of the peace has been defined in *People* v. *Most* (171 N. Y. 423, 429) as follows: " A breach of the peace is an offense well known to the common law. It is a disturbance of public order by an act of violence, or by any act likely to produce violence, or which, by causing consternation and alarm, disturbs the peace and quiet of the community." (Citations.) It is an offense which tends to disturb public quiet and peace and interfere with the tranquillity which the citizens of a community have a right to enjoy. (*People* v. *Wallace*, 85 App. Div. 170; *People* v. *Murray*, 54 Hun, 406.) Whether such an offense had occurred, thus requiring under the statute (§ 76, *supra*) that the retaking be by legal process, was a question of fact for the jury. We cannot say that the altercation in Scott's barnyard was a breach of the peace as a matter of law. Thus, whether appellant's possession, as vendor's agent, of the automobile was legal should have been submitted to the jury. The appellant and his witnesses testify that Scott was the aggressor. Under such circumstances, if appellant was not a trespasser, he was not required to escape by flight. (*People* v. *Denker*, 225 App. Div. 517; *People* v. *Dankberg*, 91 id. 67.) It was the duty of the court to charge as to third degree assault, as appellant testified that he used no weapon, and that the blow which he struck in his own defense was with his fist. A " black eye " does not amount, as a matter of law, to grievous bodily harm.

The judgment of conviction should be reversed and a new trial granted.

VAN KIRK, P. J., HINMAN, RHODES and CRAPSER, JJ., concur.

Judgment of conviction reversed, and new trial granted.