THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. EUFEMIO LOPEZ, Appellant.

First Department, June 20, 1933.

*James D. C. Murray*, for the appellant.

*LeRoy Mandle* of counsel [*Thomas C. T. Crain, District Attorney*], for the respondent.

TOWNLEY, J.   Defendant was convicted under an indictment charging assault in the second degree.   Defendant is a duly qualified physician with an excellent record both in the medical corps of the United States army and in various hospitals and medical schools in this city.   His general reputation as a law-abiding citizen is equally high.

He was accused of wantonly shooting the complainant, Jack Minors, at about two-thirty A. M., July 5, 1931, on the westerly side of Eighth avenue between One Hundred and Sixteenth and One Hundred and Seventeenth streets.   There was a sharp conflict of testimony whether the defendant shot at the complainant and his friends without any provocation or whether he shot in self-defense after being attacked by those people.

The question of fact was so close that the precise instructions given to the jury are of great importance.   In its charge the court said of the defendant: " He must show that there were reasonable grounds for him to believe that he was in great peril and that no other safe means of escape were open to him."   The court in thus charging, it seems to us, shifted the burden on the defendant to prove his defense.   The jury could hardly have failed to understand from this language that the prisoner was guilty unless able to excuse himself.   We think that under the circumstances this was prejudicial error.   As the court said in *People* v. *Cantor* (71 App. Div. 185): " It is quite possible that a trained legal intellect might draw from the charge of the learned court the inference that the court intended it to be understood that the burden of establishing all the elements of guilt rested upon the People, and make application of such rule in giving to the defendant all the benefit to which he was fairly entitled.   It is equally true, however, that an intellect not so trained in making legal distinctions would conclude from the charge and thereby be led to believe that the burden of establishing to the satisfaction of the jury justification for the act rested upon the defendant, and we are convinced that such result is necessarily to be deduced and that the jury must have so understood it.   The defendant was thereby deprived of the

benefit of the rule above adverted to, that if, upon the whole testimony, there was a reasonable doubt raised in the minds of the jury as to whether the defendant was justified or not, he was entitled to the benefit of such doubt, and if it existed, to an acquittal of the offense charged in the indictment."

The trial court also charged on the law of self-defense as follows: " The law is that one has no right to attack for the purpose of self-defense until he has done everything in his power to avoid its necessity. He must show that there were reasonable grounds for him to believe that he was in great peril and that no other safe means of escape were open to him. When one believes himself about to be attacked by another and to receive great bodily injury, it is his duty to avoid the attack if within his power to do so, and the right of attack for the purpose of self-defense does not exist until he has done everything in his power to avoid its necessity. One without fault, if attacked by another, may kill his assailant if the circumstance be such as to furnish reasonable grounds or design to take his life or do him great bodily harm, though in point of fact he is mistaken."

This charge was erroneous in that it is applicable only in a homicide case and not to cases where a person is pleading the right to defend himself and has done something less than taking someone's life. A person who is assaulted or interfered with by another without provocation may use sufficient force to repel the attack without being guilty of assault even though he may not believe himself to be in danger of grievous bodily harm. (See *People* v. *Denker*, 225 App. Div. 517.) It may reasonably be assumed that if the jury had been properly charged, the conclusion would have been different.

Accordingly, the defendant was prejudiced by the erroneous instructions, and the judgment of conviction and order appealed from should be reversed, and a new trial ordered.

FINCH, P. J., MARTIN and O'MALLEY, JJ., concur; McAVOY, J., taking no part.

Judgment reversed and a new trial ordered.