THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* CLAUDE TUTTLE, Appellant.

Third Department, January 23, 1936.

*George L. Andrews,* for the appellant.

*J. Laning Taylor, District Attorney,* for the respondent.

PER CURIAM. Appellant was indicted and convicted of the crime of assault in the second degree, the charge being that he willfully and wrongfully inflicted grievous bodily harm upon the complainant.

Without passing upon the question as to whether or not there is sufficient evidence of the essential elements necessary to warrant a conviction of the crime charged we have come to the conclusion that the judgment under review must be reversed because of errors in the court's charge. In defining grievous bodily harm the trial judge instructed the jury as follows: " One receives grievous bodily harm in a legal sense when another touches his person against his will, with physical force, intentionally hostile and aggressive, or projects such force against his person. If bodily harm was intended, proof of any injury will be sufficient to constitute grievous bodily harm. That is the law covering this subject."

The quoted portion of the charge cannot be defended. (*People* v. *Halliday,* 237 App. Div. 302.) On the record presented unquestionably the jury might have found appellant guilty of assault in the third degree. In fact the trial judge submitted to them the question as to whether or not appellant committed the latter crime. The record, however, will be searched in vain for any definition of what constitutes assault in the third degree. Under the court's instruction the jury, if it believed the witnesses for the prosecution, had no alternative but to render a guilty verdict of the crime charged in the indictment.

The judgment of conviction should be reversed and a new trial granted.

HILL, P. J., RHODES, CRAPSER, BLISS and HEFFERNAN, JJ., concur.

Judgment of conviction reversed on the law and facts, and new trial granted.