The People of the State of New York, Respondent, v. Joseph Greenberg, True Name Joseph Abe Greenberg, Appellant.— Judgment of the County Court of Queens County convicting defendant of the crimes of extortion and conspiracy unanimously affirmed. No opinion. Present — Lazansky, P. J., Hagarty, Carswell, Adel and Taylor, JJ.

The People of the State of New York, Respondent, v. Nathan Katz, Alias Nathan Katzman, Appellant.— Judgment of the County Court of Kings County convicting defendant of the crime of assault in the second degree reversed on the law and a new trial ordered. The complainant testified that the defendant emerged from a bar and grill, walked to the place where complainant was standing on the sidewalk immediately outside the grill, grabbed complainant by the lapel of his coat and then struck him one or more blows with his clenched fists, resulting in three fractures of the jaw. Witnesses for the defendant on the trial testified, in effect, that complainant struck the first blow and that defendant retaliated. The charge of the learned trial court as to the issue of self-defense thus presented was erroneous in stating that before that defense may be invoked, the defendant must show that there was reasonable ground for believing that he was in peril and, furthermore, that the defendant was obliged to retreat or avoid the attack, if that could be accomplished reasonably. If the jury found that the complainant committed the original assault, the defendant was not employing unlawful force if the force was no more than sufficient to repel the attack, even though he did not retreat nor believe himself to be in peril. (Penal Law, § 246, subd. 3; People v. Dankberg, 91 App. Div. 67, 70, 71; People v. Denker, 225 id. 517; People v. Lopez, 238 id. 619.) Lazansky, P. J., Hagarty, Carswell, Johnston and Taylor, JJ., concur.

The People of the State of New York, Respondent, v. Frank Spar, Appellant.— Appeal from a judgment of a city magistrate holding a Court of Special Sessions of the City of New York, Borough of Brooklyn, convicting appellant of participating in the operation of a pinball machine in violation of section 982 of the Penal Law. Although the person in charge of the place where the machine was operated was undoubtedly using it for gambling purposes, there was no proof in the case, direct or by inference, that appellant had entered into any arrangement with that person or another for the use of the machine as a gambling instrument. Judgment reversed on the law, complaint dismissed, and fine remitted. Lazansky, P. J., Hagarty, Carswell, Johnston and Taylor, JJ., concur.