■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MICHAEL JOHNSON, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered April 23, 1963 after a jury trial, convicting him of assault in the second degree, and imposing sentence upon him as a second felony offender. Judgment reversed on the law and new trial granted. The findings of fact implicit in the jury's verdict are affirmed. In our opinion, it was substantial, prejudicial error for the trial court to charge, on the issue of self-defense, that defendant had a duty to retreat "to the wall", if possible, before defending himself. The rule imposing that duty of retreat applies to homicide cases, but not to assault cases (*People* v. *Lopez*, 238 App. Div. 619; *People* v. *Katz*, 263 App. Div. 883; *People* v. *Martens*, 272 App. Div. 1022). The absence of an exception to the erroneous portion of the charge does not preclude us from reversing and granting a new trial in the interests of justice (Code Crim. Pro., § 527). On this record, we believe such relief is justified, not only because of the substantial issue with respect to self-defense, but also because of the several inflammatory and prejudicial remarks made by the prosecutor during summation. Kleinfeld, Christ, Rabin and Hopkins, JJ., concur; Beldock, P. J., dissents and votes to affirm the judgment, with the following memorandum: On July 21, 1962, defendant shot one Patterson in the head with a rifle bullet, as the result of which Patterson died. At the end of the People's case, the trial court dismissed a count of manslaughter in the first degree. Defendant was convicted of assault in the second degree. In my opinion, the alleged error in the charge as to self-defense is entirely immaterial; that portion of the charge was inapplicable to the facts of this case. There is no testimony that Patterson ever aimed or shot at the defendant; the only testimony is that Patterson shot at one named Weaver. Under such circumstances, defendant could not have been defending himself against Patterson. However, even if there were error in the charge, no exception thereto was taken. In the absence of such exception, the interests of justice do not require reversal where, as here, the proof of defendant's guilt is overwhelming. The interests of justice operated sufficiently in defendant's favor when the manslaughter count was dismissed, and, in my opinion erroneously dismissed.