THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARTIN J. DINGLEY, Appellant.

Third Department, January 8, 1976

362

*Paul T. Devane* and *Joseph M. Ingarra* for appellant.

*Sol Greenberg, District Attorney (George H. Barber* of counsel), for respondent.

HERLIHY, P. J. During an altercation between defendant and one Connolly, an off-duty police officer, defendant bit off Connolly's left ear. The defendant attempted to prove that he was justified in using the degree of physical force he employed against Connolly under subdivision 2 of section 35.15 of the Penal Law. The jury returned a verdict of not guilty of the crime of assault in the first degree (Penal Law, § 120.10), for which defendant had been indicted, but found defendant guilty of assault in the second degree (Penal Law, § 120.05).

The primary issue raised by the defendant upon this appeal is his claim that the trial court's refusal to charge the jury that he was under no duty to retreat was prejudicial error.

"Deadly physical force" is defined by statute as "physical force which * * * is readily capable of causing death *or other serious physical injury"* (Penal Law, § 10.00, subd 11; emphasis added). "Serious physical injury" means "physical injury which creates a substantial risk of death, or which causes death or *serious and protracted disfigurement,* protracted impairment of health or protracted loss or impairment of the function of any bodily organ" (Penal Law, § 10.00, subd 10; emphasis added). There can be little doubt that the removal of Connolly's ear by defendant constituted serious physical injury and, therefore, deadly physical force under these standards. Subdivision 2 of section 35.15 of the Penal Law provides

that even if a person is otherwise entitled to use physical force upon another person under the circumstances set forth in subdivision 1, he may not use "deadly physical force" unless "[h]e reasonably believes that such other person is using or about to use deadly physical force". Even in such case, however, with certain enumerated exceptions, one "may not use deadly physical force if he knows that he can with complete safety as to himself and others avoid the necessity of so doing by retreating" (Penal Law, § 35.15, subd 2, par [a]).

The defendant contends that the common-law exception to the duty to retreat which made such duty inapplicable in regard to a charge of assault has survived the statutory amendment embodied in section 35.15 of the Penal Law as amended by chapter 73 of the Laws of 1968. (See *People v Johnson,* 21 AD2d 902; *People v Lopez,* 238 App Div 619.) It is apparent that the common-law exception, however, has been eliminated by the statutory revisions to the former rules regarding the duty to retreat as exemplified in the Practice Commentaries thereto which provide in part:

"Concerning the use of 'deadly physical force', the revised section (subd. 2) largely conforms to the former law which, by judicial construction at least, permitted such force to be employed by a person who reasonably believed that his assailant was using or about to use unlawful deadly physical force against him or another person (see former Penal Law § 1055 [second subds. 1, 2]; *People v. Governale,* 1908, 193 N.Y. 581, 586, 86 N.E. 554; *People v. Taylor,* 1904, 177 N.Y. 237, 245, 69 N.E. 534; *People v. Kennedy,* 1899, 159 N.Y. 346, 348–349, 54 N.E. 51; *Shorter v. People,* 1849, 2 N.Y. 193, 197). There appears to be some difference, however, with respect to such person's duty to retreat. The revised section (subd. 2) codifies what was for many years the former law: in substance, that, even though reasonably believing deadly physical force is about to be used against him, a person may not counter with the same if he knows that he can avoid the necessity of doing so by retreating, unless he is in his dwelling and not the initial aggressor or a peace officer making an authorized arrest *(People v. Tomlins,* 1914, 213 N.Y. 240, 243, 107 N.E. 496; *People v. Kennedy, supra; People v. Constantino,* 1897, 153 N.Y. 24, 31–32, 47 N.E. 37; *People v. Johnson,* 1893, 139 N.Y. 358, 363, 34 N.E. 920; cf. Model Penal Code § 3.04 [2b]). A 1942 Court of Appeals decision, however, appeared to erase that principle and to substitute a doctrine that one threatened

with the commission of a felony or felonious 'aggression' against his person—construed to include a felonious assault— was under no duty to retreat but could stand his ground and repel the attack by killing if necessary *(People v. Ligouri,* 1940, 284 N.Y. 309, 317–318, 31 N.E.2d 37). If such was the law immediately prior to the effective date of the revision, this section (subd. 2) changes it and restores the earlier rule."

In our opinion the various cases relied upon by the defendant to establish the continuing liability of the common-law exception are inapposite as they do not refer to the present statutory duty.

Upon this record, the defendant has failed to establish that the trial court erred when it refused to charge that the duty to retreat would not apply if the jury should find that the defendant was being assaulted by the victim at the time he applied deadly physical force. It should be noted that the defendant took no exception to that portion of the court's charge which related to what constitutes "deadly physical force".

The defendant's contention that the trial court erred in not allowing him to recall the complaining witness for testimony as to that witness's prior acts of a vicious nature is without any merit.

The defendant's final contention that the sentence was unduly harsh does not appear to have such support in this record as would permit interference by an appellate court *(People v Gemmill,* 34 AD2d 177, 181). The record establishes that a most serious physical injury was imposed upon the complainant and the trial court did exercise leniency by not imposing the full possible maximum sentence, and, further, the trial court did not impose a minimum sentence. We do not find that the sentence imposed constituted an abuse of discretion.

The judgment should be affirmed.

LARKIN, J. (dissenting). We respectfully dissent.

In spite of a strict New York rule as to the duty to retreat, a common-law exception has long existed when the defendant was charged with assault rather than homicide. In *People v Lopez* (238 App Div 619, 621), the trial court charged that the defendant, who had been indicted for assault in the second degree, was obligated "to avoid the attack if within his power

to do so, and the right of attack for the purpose of self-defense does not exist until he has done everything in his power to avoid its necessity". In reversing the conviction, the Appellate Division, First Department, stated (p 621) that "[t]his charge was erroneous in that it is applicable only in a homicide case and not to cases where a person is pleading the right to defend himself and has done something less than taking someone's life". As recently as 1964, the Appellate Division, Second Department, citing *People v Lopez (supra)* found that "it was substantial, prejudicial error for the trial court to charge, on the issue of self-defense, that defendant had a duty to retreat 'to the wall', if possible, before defending himself. The rule imposing that duty of retreat applies to homicide cases, but not to assault cases" *(People v Johnson,* 21 AD2d 902).

This common-law exception dispensing with the requirement to retreat where the actor has committed an assault rather than a homicide was in existence in 1968, the time section 35.15 of the Penal Law was enacted. Nothing contained in the statute or in the Practice Commentaries relied upon by the majority specifically deals with this exception. "It is a sound inference that, in the absence of express language indicating its intention, it is presumed that the Legislature did not intend to overturn long established rules of law" (McKinney's Cons. Laws of NY, Book 1, Statutes, § 74).

Finally, the practical effect of sustaining the exception bears examination. As pointed out by the majority, "deadly physical force" is defined very broadly in the Penal Law (Penal Law, § 10.00, subds 10, 11). We feel that the broadness of this definition of deadly physical force is a compelling reason for maintaining the common-law exception to the duty to retreat in assault cases.

Because the question of whether the defendant herein may have been under a duty to retreat goes right to the heart of this case, the failure of the trial court to charge that he was under no such duty constituted reversible error.

The judgment should be reversed and a new trial should be ordered.

GREENBLOTT and MAIN, JJ., concur with HERLIHY, P. J.; LARKIN and REYNOLDS, JJ., dissent and vote to reverse in an opinion by LARKIN, J.

Judgment affirmed.