■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MITCHELL MACKLOWE, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Harrington, J.), rendered February 26, 1985, convicting him of assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed, and the case is remitted to the County Court, Nassau County, for further proceedings pursuant to CPL 460.50 (5).

We find unpersuasive the defendant's contention that his right to a speedy trial pursuant to CPL 30.30 was violated.

The delay in the People's announcement of readiness was occasioned solely by the defendant's extended absence from the jurisdiction (see, CPL 30.30 [4] [c]), and the hearing court properly concluded that the People employed due diligence in attempting to locate him, as a detective visited the defendant's last known residence, interviewed merchants in the area, questioned the defendant's father as to his whereabouts on two separate occasions, and mailed a letter requesting the defendant's appearance in court to the father's residence (see, People v Manley, 63 AD2d 988; People v Bratton, 103 AD2d 368, affd 65 NY2d 675). Moreover, application of the factors announced in People v Taranovich, (37 NY2d 442, 445) to the instant case compels the conclusion that the defendant was not denied his constitutional right to a speedy trial (see, CPL 30.20; see, e.g., People v Watts, 57 NY2d 299; People v Perez, 42 NY2d 971).

Viewing the evidence in the light most favorable to the People, it is sufficient as a matter of law to support the conviction of assault in the second degree. Moreover, upon the exercise of our factual review power we are satisfied that the evidence established the defendant's guilt beyond a reasonable doubt and that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]). Insofar as the defendant presently challenges the veracity of the prosecution witnesses, we note that the question of credibility was properly presented to the jury, and we perceive no basis for disturbing its resolution of this issue (see, e.g., People v Russo, 118 AD2d 740, lv denied 67 NY2d 1056; People v Reyes, 118 AD2d 666, lv denied 67 NY2d 1056; see generally, People v Bigelow, 106 AD2d 448).

Additionally, the trial court did not err in charging the justification defense pursuant to Penal Law § 35.15 (2) and in declining to charge the provisions of Penal Law § 35.15 (1), as the defendant's actions clearly constituted the use of deadly physical force under the circumstances of this case (see, e.g., People v Davis, 118 AD2d 206, lv denied 68 NY2d 768; Matter of Charles W., 61 AD2d 1033; People v Dingley, 50 AD2d 361, revd on other grounds 42 NY2d 888). Likewise, the defendant's claim that the "duty to retreat" element of the justification defense has no application to a prosecution for assault is without merit (see, People v Dingley, supra).

We have considered the defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit. Mangano, J. P., Niehoff, Spatt and Harwood, JJ., concur.