22-2064-cv
*Faith Labadie v. NU Era Towing and Service, Inc.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

     **At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of December, two thousand twenty-three.**

PRESENT:
          RICHARD C. WESLEY,
          DENNY CHIN,
          JOSEPH F. BIANCO,
               *Circuit Judges*.

_____

Faith Labadie,

               *Plaintiff-Appellant*,

          v.                                                       22-2064-cv

NU Era Towing and Service, Inc.,

               *Defendant-Appellee*.

_____

FOR PLAINTIFF-APPELLANT:        BRIAN L. BROMBERG, Bromberg Law Office, P.C., Brooklyn, NY (Seth J. Andrews, Law Offices of Kenneth Hiller, PLLC, Amherst, NY, *on the brief*).

FOR DEFENDANT-APPELLEE:         MATTHEW S. LERNER (Daniel Gerber, *on the brief*), Gerber Ciano Kelly Brady LLP, Buffalo, NY.

Appeal from a judgment of the United States District Court for the Western District of New York (Vilardo, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Faith Labadie appeals from the district court's judgment, entered on August 24, 2022, dismissing her complaint with prejudice for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Labadie asserted in her complaint that Defendant-Appellee NU Era Towing and Service, Inc. ("NU Era") breached the peace in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), when its agent repossessed her vehicle. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to affirm.

According to the complaint, Chrysler Capital hired NU Era to collect a debt that Labadie owed for a vehicle or to repossess it. On November 1, 2019, as Labadie walked out of a mall with her minor son, her vehicle was blocked by NU Era's vehicle, which prevented her from leaving the parking lot. The driver of NU Era's vehicle (the "agent") told her that her vehicle was being repossessed. Although Labadie objected to the repossession, the agent called for a tow truck, which arrived approximately twenty minutes later. Labadie then objected again and advised the agent that she needed to take her son to Ronald McDonald House, where he resided, for medical treatment. The agent told her that she could drive her vehicle back to Ronald McDonald House so that she could get her son to the treatment facility and then her vehicle would be repossessed at that location. The agent allegedly also stated that, if she did not agree or tried to drive anywhere else on the way to the treatment facility, he would call the police. Labadie drove her vehicle to

2

Ronald McDonald House, with the agent and tow truck driver following her, and she objected to the repossession again upon arriving there. The agent allegedly told her that, if she did not provide her keys to the vehicle, she would be charged $400 for the replacement set. Labadie then provided her vehicle's keys to the tow truck driver.

The complaint asserted one cause of action for repossessing a vehicle in a manner that violated Section 1692f(6) of the FDCPA. In a decision and order, dated August 23, 2022, the district court adopted the report and recommendation of the magistrate judge to whom the matter had been referred and granted NU Era's motion to dismiss the complaint for failure to state a claim under Section 1692f(6). *See Labadie v. NU Era Towing and Serv., Inc.*, 20-CV-722-LJV-LGF, 2022 WL 3593108 (W.D.N.Y. Aug. 23, 2022). Labadie appealed.

We review a district court's grant of a motion to dismiss *de novo*, assuming the truth of all factual allegations contained in the complaint and drawing all reasonable inferences in the plaintiff's favor. *Melendez v. Sirius XM Radio, Inc.*, 50 F.4th 294, 298 (2d Cir. 2022). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

The FDCPA prohibits debt collectors from using "unfair or unconscionable means to collect or attempt to collect any debt," including: "[t]aking or threatening to take any nonjudicial action to effect dispossession or disablement of property if . . . there is no present right to possession of the property claimed as collateral through an enforceable security interest." 15 U.S.C. § 1692f. Here, the sole issue on appeal is whether Labadie sufficiently pled that NU Era had no "present right to possession" of her vehicle at the time of its repossession. We assume without deciding

3

that the parties are correct in agreeing that NU Era's "present right to possess[]" Labadie's vehicle is determined under state law—here, the New York Uniform Commercial Code ("U.C.C."). The New York U.C.C. allows a secured party to "take possession of the collateral . . . without judicial process, *if it proceeds without breach of the peace*." N.Y. U.C.C. LAW § 9-609 (McKinney 2023) (emphasis added). The New York U.C.C. "does not define or explain the conduct that will constitute a breach of the peace, leaving that matter for continuing development by the courts." N.Y. U.C.C. LAW § 9-609 cmt. 3.

Labadie argues that the district court erred in concluding that she failed to plausibly allege that NU Era's agent repossessed her vehicle on November 1, 2019 in a manner that breached the peace in violation of the FDCPA. In particular, the district court concluded that Labadie's three verbal objections to the repossession did "not suggest anything remotely approaching facts sufficient to create a breach of the peace" and that her other factual allegations were likewise inadequate to assert a claim for relief under Section 1692. *Labadie*, 2022 WL 3593108 at *1–2. As set forth below, we conclude that the district court properly dismissed the claim under Rule 12(b)(6).

The New York Court of Appeals has defined a breach of the peace as "a disturbance of public order by an act of violence, or by any act likely to produce violence, or which, by causing consternation and alarm, disturbs the peace and quiet of the community." *People v. Most*, 171 N.Y. 423, 429 (1902) (defining the common law criminal offense). In other words, a breach of the peace "is an offense which tends to disturb public quiet and peace and interfere with the tranquil[]ity which the citizens of a community have a right to enjoy," *People v. Halliday*, 237 A.D. 302, 303 (3d Dep't 1932) (applying the criminal definition in the repossession context);

4

*accord Hilliman v. Cobado*, 131 Misc. 2d 206, 210 (Sup. Ct., Cattaraugus County 1986); *Cherno v. Bank of Babylon*, 54 Misc. 2d 277, 281–82 (Sup. Ct., Nassau County 1967), *aff'd*, 29 A.D.2d 767 (2d Dep't 1968).

We agree with the district court that Labadie's allegations are insufficient to state a plausible claim for breach of the peace, as defined under New York law. As a threshold matter, Labadie's suggestion that her verbal objections were sufficient to constitute a breach of peace under New York law is inconsistent with the legal standard articulated by New York's highest court in *Most*, which we are bound to follow for purposes of interpreting New York law as a requisite part of our analysis of her federal claim under the FDCPA. *See Wainwright v. Goode*, 464 U.S. 78, 84 (1983) (per curiam) ("[T]he views of the state's highest court with respect to state law are binding on the federal courts."); *see also Portalatin v. Graham*, 624 F.3d 69, 84 (2d Cir. 2010) ("Of course, we do not defer to [the New York Court of Appeals'] interpretation of *federal* law, but we are bound by its construction of *New York* law in conducting our analysis."). Moreover, New York courts have held, applying the definition established in *Most*, that a lack of consent by the debtor to repossession does not constitute a breach of peace. *See, e.g.*, *Cherno*, 54 Misc. 2d at 281–82 (use of unauthorized key to enter debtor's premises not breach of the peace); *Glob. Casting Indus., Inc. v. Daley-Hodkin Corp.*, 105 Misc. 2d 517, 520–21 (Sup. Ct., Nassau County 1980) (same). Indeed, no New York state court has found that a debtor's verbal objections, standing alone, give rise to a claim for breach of the peace; rather, New York courts have found a breach of peace where the debtor's verbal objections were followed by actions taken by the repossessor that resulted in violence or were likely to lead to violence. *See, e.g.*, *Hilliman*, 131 Misc. 2d at 208, 210.

5

To the extent Labadie alternatively suggests that her additional allegations together with the verbal objections constitute a plausible claim for breach of the peace under New York law, we disagree. Even when her verbal objections are considered in combination with her other allegations, including the agent's act of blocking her car in the mall parking lot, the complaint did not plausibly allege an "act likely to produce violence" or one that "disturbs the peace and quiet of the community." *Most*, 171 N.Y. at 429. Labadie relies heavily on the alleged fact that, when the agent allowed her to drive the vehicle to Ronald McDonald House before the repossession, she was told that the police would be called if she tried to go somewhere else. To be sure, we recognize that the active use of police assistance to effectuate a repossession is not permitted under Section 9-609. *See* N.Y. U.C.C. Law § 9-609 cmt. 3 ("This section does not authorize a secured party who repossesses without judicial process to utilize the assistance of a law-enforcement officer. A number of cases have held that a repossessing secured party's use of a law-enforcement officer without benefit of judicial process constituted a failure to comply with former Section 9-503."). Notwithstanding the agent's alleged reference to *possibly* calling the police, the complaint does not allege that NU Era ever contacted the police or that the police were used at all in the repossession of Labadie's vehicle.

In short, the complaint fails to plausibly allege that NU Era's statements or actions created a likelihood of violence or disturbance to the community such that a breach of the peace occurred, as defined by New York law. Therefore, the district court properly dismissed the complaint's sole claim under the FDCPA.

6

\*     \*     \*

We have considered Labadie's remaining arguments and find them to be without merit.

Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court