Martin B. Stecher, J.
After hearing, I find that in December, 1972 the defendant was arrested in New York County and charged with possession of a weapon, a felony. He was released on bail on or about December 12, 1972 and was thereafter sentenced to a term of imprisonment in the youth correction center *947 in Yardville, New Jersey. In January, 1973 Mainor was indicted in New York County. On January 24, 1973, Assistant District Attorney Meyer of New York County attempted to procure the appearance of the defendant in New York County pursuant to the provisions of the Interstate Agreement on Detainers (CPL 580.20) . Mr. Meyer testified that he prepared the documents required under the Interstate Agreement and, in accordance with the usual practice, forwarded them promptly to the Commissioner of Correction of the State of New York. Although there was no testimony offered by or on behalf of the commissioner that he either received the papers or delivered them to New Jersey, such an inference may be drawn from the fact that shortly after delivery of the papers to the commissioner, and on or about February 13, 1973, Mr. Meyer spoke to an official at Yardville who appeared to have received the papers and who informed Mr. Meyer of his intention to dishonor the request on the ground that Mainor was a “ youth
The following month, Assistant District Attorney Printz of New York County made a similar telephone request to Yardville and was also informed that the request under the Interstate Agreement would not be complied with because of Mainor’s age. An extradition proceeding was initiated on a warrant which had been issued in January, 1973; but the following November, Mainor was released from imprisonment in New Jersey, waived extradition and was returned to New York in December.
The defendant now moves to dismiss the indictment (CPL 210.20) because he was denied a speedy trial (U. S. Const., 6th Arndt.; CPL 30.30). CPL 30.30 provides that a motion to dismiss a felony indictment must be granted where the People are not ready for trial ‘1 within six months of the commencement of [the] criminal action ”. CPL 30.30 further provides: “ 4. In computing the time within which the people must be ready for trial pursuant to subdivisions one and two, the following periods must be excluded: * * * (e) the period of delay resulting from detention of the defendant in another jurisdiction provided the district attorney is aware of such detention and has been diligent and has made reasonable efforts to obtain the presence of the defendant for trial ”. We turn our attention therefore to the meaning of the words ‘ ‘ diligent ’ ’ and ‘ ‘ reasonable efforts ”. “ Diligent ” refers to the expedition with which the task is undertaken as well as the appropriateness of the methods used to Secure the defendant’s appearance. “ Reasonable ” Would appear to limit the degree of diligence, imposed upon the prosecutor. It is another way of saying “ ordinary diligence ” *948 or ‘ ‘ reasonable diligence ’ ’ as distinguished from ‘ ‘ extraordinary diligence ” (see 26A C. J. :S. Diligence, p. 943 et seq.; cf. People v. Winfrey, 20 N Y 2d 138, 144).
The request under the Interstate Agreement was" made promptly and the means used were those called for by the statute. In short, the District Attorney was diligent. It is conceivable that further efforts might have been more productive: such as an investigation of Mainor’s age to determine whether New Jersey properly classified him as a“ youth ” or the commencement of a proceeding in the Superior Court alleging violation of the Interstate Agreement on Detainers by the Yardville authorities. To require such additional efforts would impose the obligation of extraordinary diligence on the prosecutor. This is precisely what the statute seeks to avoid.
The quality of the People’s evidence requires comment. No copy of the demand made to the State of New Jersey was offered in evidence. No direct proof was offered of delivery of the request to the intermediary, the .State Commissioner of Correctional Services, or his delivery of the,-request to his counterpart in New Jersey. No memorandum was made of1 the two conversations with the New Jersey authorities nor were they identified by name or position. While I may be disinclined to accept such evidence again, the People have established their compliance with CPL 580.20 and reasonable diligence in so doing.
The motion to dismiss the indictment is denied.