■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EUGENE LUGO, JR., Appellant.

The defendant contends that his statutory right to a speedy trial (CPL 30.30) was violated by the prosecution's failure to exercise due diligence in locating him after a warrant had been issued for his arrest. The record establishes that investigators visited the defendant's last known address on three occasions. On the first occasion they interviewed neighbors and located the defendant's apartment but found that no one was home. No one was home on the second visit either. On the third visit the investigators interviewed the defendant's mother and sister who informed them that the defendant knew he was wanted and was living on the street. They left a

card and asked them to have the defendant call them. When they returned to headquarters they had "wanted poster[s]" prepared and circulated. Under these circumstances we conclude that due diligence was exercised (see, People v Manley, 63 AD2d 988; People v Mainor, 77 Misc 2d 946).

At the time the arrest warrant was issued the District Attorney's office had a policy under which it did not indict fugitives in absentia. One exception to this policy concerned career criminals. The defendant argues that he was a career criminal and should have been indicted under this exception. However, the enforcement of the policy exception was totally discretionary. Accordingly, the prosecution's failure to indict the defendant in absentia was not a violation of his statutory right to a speedy trial (see, People v Bratton, 103 AD2d 368, affd 65 NY2d 675).

The defendant also maintains that his identity was not established by sufficient evidence. Viewing the evidence adduced at the trial in the light most favorable to the People (People v Contes, 60 NY2d 620), we find that it was legally sufficient to support the conviction. The record reveals that the defendant was known to the complainant. Thus, the minor discrepancies in the complainant's description of the defendant's height and hair color were of minimal significance (see, People v Levy, 123 AD2d 885, lv denied 69 NY2d 713). In any event, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, were primarily questions to be determined by the jury, which saw and heard the witnesses (see, People v Gaimari, 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (see, People v Garafolo, 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

Lastly, the trial court's decision not to admit the "wanted poster" and Grand Jury testimony into evidence as prior inconsistent statements, after all the witnesses had testified, was not an improvident exercise of discretion (see, Feldsberg v Nitschke, 49 NY2d 636, lv denied 50 NY2d 1059). Thompson, J. P., Brown, Weinstein and Harwood, JJ., concur.