■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FERNANDO LUPERON, Appellant. [599 NYS2d 840] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Miller, J.), rendered February 13, 1991, convicting him of assault in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contentions, he was not deprived of his right to a speedy trial *(see,* CPL 30.30). Although approximately 14-½ months elapsed between commencement of this criminal action *(see,* CPL 1.20 [17]; 30.30 [1] [a]; *People v Sinistaj,* 67 NY2d 236, 242), and the People's announcement of readiness for trial, this delay was directly attributable to the defendant's absence *(see,* CPL 30.30 [4] [c]), and thus this time is not properly chargeable to the People *(see,* CPL 30.30 [4]).

At the "due diligence" hearing, a warrant squad officer testified that he visited the defendant's last known address on three occasions, and was informed by neighbors, including the complainant's wife, that the defendant had moved out on the day of his arrest. On the third visit the officer spoke to the complainant, who informed him that it had been rumored that the defendant had left the country. In addition, the officer also checked the records of the New York State Department of Motor Vehicles, checked with the Department of Corrections on three occasions and checked with the Post Office. The officer also visited a second address listed on the record of the defendant's prior arrests and interviewed two neighbors who informed him that the defendant was unknown there. We conclude that the People satisfied their obligation to attempt to determine the defendant's location through the

exercise of due diligence *(see, People v Garrett,* 171 AD2d 153, 155-156; *People v Cruz,* 155 AD2d 683; *People v Lugo,* 140 AD2d 715; *People v Walters,* 127 AD2d 870). Accordingly, the period of delay is properly charged to the defendant. Thompson, J. P., Miller, Eiber and Santucci, JJ., concur.