■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ERIC PROVIDENCE, Respondent. [628 NYS2d 64] —Order, Supreme Court, New York County, (James A. Yates, J.), entered June 22, 1993, which granted defendant's motion to dismiss the indictment pursuant to CPL 30.30 unanimously reversed, on the law and the facts, the motion denied, and the indictment reinstated.

On December 18, 1991, a felony complaint was filed charging defendant with criminal sale of a controlled substance in the third degree. There were two intervening court dates and the matter was adjourned to June 18, 1992. However, on March 23, 1992, the People filed an indictment charging defendant with third degree sale and possession, and the case was advanced to April 20, 1992, when defendant was scheduled for arraignment. Both defendant and his counsel were notified of the new date by letter. Defendant did not appear on April 20th and his counsel, at that hearing, represented to the court that defendant *knew* of the court date, but chose to go to a dental appointment instead. A bench warrant for defendant was issued, and over a year later, on August 5, 1993, defendant was arrested on an unrelated case. A number of adjournments followed until the People answered ready for trial on December 9, 1993. Defendant then moved to dismiss the indictment under the speedy trial grounds of CPL 30.30, and after a hearing, Criminal Term granted that motion.

There was no dispute that the People were chargeable with a little over 5 months' delay. The parties also agreed that the dispositive period was the time from the issuance of the bench warrant on April 20, 1992 to defendant's return on the warrant on August 9, 1993.

This period of time should have been excluded in its entirety, since defendant was a fugitive from justice during the entire

period. CPL 30.30 (4) (c) provides that those periods of delay resulting from the absence of the defendant for whom a bench warrant has been issued shall not be charged to the People if the defendant's location is unknown and he is attempting to avoid apprehension. Criminal Term was in error when it found that the failure of the People to check an alternate address given by the defendant meant that defendant's location was not unknown. The primary address given by the defendant was apartment 20 at 462 East 137th Street in the Bronx. This was the address listed on the warrant, and the warrant officer testified that he visited this address three times in his fruitless efforts to find defendant. Defendant's mother lived at that apartment and told the officer on two occasions she had not seen defendant at that address. The alternate address, not listed on the warrant, was apartment 19 in the same building, i.e., next door to defendant's mother's apartment. While defendant asserted, and the court agreed, that the police should have checked that apartment, defendant, at no time, alleged he was actually living in that apartment. Further, when defendant was arrested on the unrelated case, he gave a different name, and said he had been living at apartment 5B at 1416 West 106th Street in Manhattan with his brother, for three years prior to his arrest, namely since August 1990 (a year before his arrest on the instant case).

Thus, since the defendant, himself, reported living at neither the primary nor alternative address he gave at the time of his first arrest and since that fact was confirmed by his mother when a warrant officer interviewed her at the building containing both the primary and alternate addresses, it is safe to say defendant's location was "unknown" within the meaning of CPL 30.30 (4) (c).

The use of an alias on his subsequent arrest, the fact that on his first arrest he gave an address at which his mother later stated he had not lived for the previous 18 months, and his willful failure to appear for arraignment on the indictment on April 20, 1992, when it was conceded in open court that he was aware of the date and chose not to attend, all evince a pattern showing defendant's attempt to avoid apprehension or prosecution.

It is important to note that the People were under no obligation to show "due diligence" pursuant to CPL 30.30 (4) (c). The People proved that defendant's location was "unknown" and that he was attempting to avoid apprehension or prosecution, "a circumstance that would not require a showing of due diligence under the literal terms of the statute (CPL 30.30 [4] [c])" (*People v Bolden*, 81 NY2d 146, 155).

In any event, the People did show that they exercised "due diligence". There was testimony of numerous computer checks by the warrant officer as well as visits to the address defendant had given to the police on his arrest. In addition, on two occasions, the officer attempted to speak to the building superintendent, and following another visit, he canvassed the entire neighborhood. Finally, the officer returned to 40th Street and Ninth Avenue, the area of defendant's arrest, in an effort to locate defendant at a place he was known to frequent. All of these efforts establish the "due diligence" required in the alternative situation set forth in the statute (*see*, *People v Marrin*, 187 AD2d 284, 285; *People v Lugo*, 140 AD2d 715, 715-716). Concur—Wallach, J. P., Asch, Nardelli, Tom and Mazzarelli, JJ.