■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN REID, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Suffolk County (Canudo, J.), rendered February 23, 1979, convicting him of burglary in the second degree, upon a jury verdict, and imposing sentence. ¶ Matter remitted to the Supreme Court, Suffolk County, to hear and report on that branch of defendant's pretrial motion which sought to dismiss the indictment on the ground he had been denied the right to a speedy trial pursuant to CPL 30.30, and appeal held in abeyance in the interim. Criminal Term shall file its report with all convenient speed. ¶ The instant criminal action was commenced by the filing of a felony complaint on January 1, 1978. Thereafter, defendant was indicted on June 20, 1978. Six months and nine days after the filing of the felony complaint, on July 10, 1978, the People gave notice that

they were ready for trial. Defendant subsequently moved pursuant to CPL 210.20 (subd 1, par [g]) for dismissal of the indictment on the ground, *inter alia,* that he had been denied his right to a speedy trial, pursuant to CPL 30.30. Based upon the affidavits submitted to it, the trial court summarily denied that branch of the motion. ¶ However, an application to dismiss an indictment based upon a claimed violation of the speedy trial requirements of CPL 30.30 may not be denied without a hearing unless "An allegation of fact essential to support the motion is conclusively refuted by unquestionable proof" (CPL 210.45, subd 5, par [c]; subd 6). ¶ In this case, the People submitted an affirmation concerning the unavailability of a prosecution witness which may be a sufficient justification for the delay (see *People v Goodman,* 41 NY2d 888). Nevertheless, the People failed to submit sufficient documentary proof warranting denial of that branch of the motion without a hearing. ¶ Accordingly, the matter is remitted to the Supreme Court, Suffolk County, for a hearing so that "findings of fact essential to the determination" of this issue can be made (CPL 210.45, subd 6; cf. *People v Zirpola,* 57 NY2d 706). Titone, J. P., Mangano, Gibbons and Brown, JJ., concur.