■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD J. ASTWOOD, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Richmond County (Sangiorgio, J.), rendered February 15, 1983, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

Defendant, together with codefendant Gregory Henson, was

convicted of robbery in the first degree as a result of an incident in which they attacked, beat, and stole a large sum of money from one Frank Lenahan. A green coat, recovered shortly after the incident, was subsequently identified by both Lenahan and an eyewitness to the incident as being the same coat worn by codefendant Henson at the time of the robbery. The coat was not available as evidence at the trial, as it was destroyed by the property clerk for the New York City Police Department. Apparently, the coat was being held as investigatory, rather than arrest, evidence, and, when no suspects were apprehended, the case was closed by the Police Department. Unknown to the Department, the New York City Housing Authority police had reactivated the case following an arrest. Unaware that the case was still active, the coat was destroyed by the Police Department pursuant to its routine procedure that investigatory evidence be destroyed if no case develops after 60 days. On this appeal, defendant contends that the destruction of this coat amounted to a denial of due process of law. He contends that the coat might have been exculpatory evidence had it not properly fit codefendant Henson, and the People thus had an obligation to preserve the coat.

In *People v Saddy* (84 AD2d 175), this court addressed the factors which must be evaluated when determining whether the prosecution should be sanctioned for the destruction of potentially exculpatory material. These factors are: the degree of negligence or bad faith on the part of law enforcement officials, the importance of the lost evidence, and the sufficiency of the other evidence adduced at trial *(People v Saddy, supra,* at p 179; *see also, United States v Bryant,* 439 F2d 642, 653).

In this case, the coat was inadvertently destroyed by the Police Department as a result of a failure of communication between the Department and the Housing Authority police. It was not destroyed intentionally with the aim of hindering either the prosecution or the defense. In addition, the coat was not a crucial piece of evidence at the trial. Both the complainant and the eyewitness who identified defendant knew defendant previously. The identification evidence was therefore very strong, and it is purely speculative for defendant to contend that production of the coat at trial would have been exculpatory or would have resulted in a different verdict *(see, People v Close,* 103 AD2d 970; *People v Briggs,* 81 AD2d 1017). We find, therefore, that under the circumstances of this case, defendant received a fair trial and was not denied due process of law by the unfortunate destruction of the coat.

The contentions raised by defendant in his supplemental *pro se* brief have been considered and found to be meritless. Thompson, J. P., Niehoff, Lawrence and Kunzeman, JJ., concur.