■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD TAYLOR, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Dubin, J.), rendered November 5, 1982, convicting him of robbery in the first degree (two counts), burglary in the first degree (two counts), assault in the first degree, criminal possession of a weapon in the fourth degree, and criminal mischief in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

At a speedy trial hearing held before Justice Dunkin, the parties stipulated that the only period in dispute was from January 20, 1981 until January 5, 1982. The court properly found that this period was excludable under CPL 30.30 (4) (c) since the defendant's location was unknown and could not be determined with due diligence. During this time period the defendant was sent notices to his last known address requiring him to appear in court, but those notices were returned "address unknown". A bench warrant was issued for the defendant's arrest, and, in their attempt to execute it, the police checked with the telephone company, postal service and the Department of Social Services. They checked for the defendant on their central computers and they also went to

three of the defendant's most recent reported addresses and interviewed neighbors. Despite these efforts, the police were unable to determine the defendant's whereabouts until they were notified that he had been arrested in Virginia on or about January 5, 1982. In attempting to locate the defendant during the disputed time period in order to effectuate his arrest, the police met the due diligence standard *(see, People v Manley,* 63 AD2d 988).

Viewing the evidence in the light most favorable to the prosecution and giving it the benefit of every favorable inference to be drawn therefrom, we find that the evidence amply supports the jury's verdict. The complainant testified that the defendant, whom he knew, accompanied by three other men, broke down his door, brutally beat him, stabbed him, and removed property from both his person and his living quarters. Any questions in this case regarding the complainant's credibility or the accuracy of his identification of the defendant as one of the assailants presented issues for the jury's determination *(see, People v Bauer,* 113 AD2d 543; *People v Batts,* 111 AD2d 761; *People v Dukes,* 97 AD2d 445).

The officers' testimony concerning the knife which was recovered by them from the crime scene does not provide a basis for reversing this judgment. Although the knife was inadvertently destroyed by the Queens County Property Clerk's office, we note that the defendant was partially responsible for the destruction. The knife was destroyed pursuant to an internal departmental policy to destroy investigatory evidence that was being held by the property clerk's office for a period in excess of one year. The knife was deemed investigatory evidence because the defendant was at large. He was responsible for the police's inability to apprehend him. Though aware of the fact that he had been arrested for the instant charges, the defendant, when released on his own recognizance, took refuge in an address unknown to the authorities and then went to Virginia where he remained until he was arrested. Furthermore, we note that the destruction of the knife was harmless since it is most unlikely that had it been turned over to defense, it would have changed the verdict *(see, People v Close,* 103 AD2d 970; *People v Astwood,* 113 AD2d 946).

We have examined the defendant's remaining contentions and find them to be either unpreserved or without merit and we find nothing in the record warranting a modification of the defendant's sentence. Thompson, J. P., Bracken, Brown and Eiber, JJ., concur.