■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ORLANDO HUTCHENSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lane, J.), rendered May 30, 1985, convicting him of criminal possession of a weapon in the third degree (two counts), after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the trial court acted properly in denying his motion to dismiss the indictment on speedy trial grounds. The defendant was arrested on the instant charges on October 30, 1980, and an indictment was filed against him on December 3, 1980. The defendant was thereafter notified that he was to appear for arraignment on December 15, 1980. The defendant failed to appear on the scheduled date for arraignment and as a result a warrant was then issued for his arrest. Despite repeated attempts by police, the defendant could not be located. In July 1983, however, the defendant was arrested on an unrelated case and the warrant in the present case was executed.

On August 29, 1983, the defendant pleaded guilty to attempted criminal possession of a weapon in the third degree in full satisfaction of the indictment. On November 22, 1983, the defendant was permitted to withdraw his guilty plea. About a week later, the defendant moved to dismiss the indictment on speedy trial grounds since a 2½-year period of postindictment delay had transpired after the issuance of the

bench warrant. At the hearing, the defendant maintained that the People's efforts to locate him during that period did not rise to the level of due diligence and thus that time was chargeable to the People. The trial court denied the defendant's motion. We affirm.

In the first instance, we note that for purposes of the defendant's speedy trial motion, the instant criminal action is deemed to have commenced on November 22, 1983, the date upon which the defendant's motion to withdraw his guilty plea was granted (see, CPL 30.30 [5] [a]). The defendant's previous plea of guilty operated as a waiver of his statutory right to any dismissal based on the 2½-year delay occasioned by the defendant's absence (see, People v Thill, 52 NY2d 1020, cert denied 454 US 829; People v Friscia, 51 NY2d 845; People v Brothers, 50 NY2d 413). In any event, even if we were to assume that the instant action was deemed to have commenced with the filing of the indictment as the defendant argues, the defendant's speedy trial motion would still be denied. The 2½-year period between December 15, 1980 to July 25, 1983 was excludable under CPL 30.30 (4) (c) since the People established that during that time the defendant's location was unknown and could not be determined with due diligence. During this time period, the efforts made by the warrant squad officer assigned to locate the defendant included four visits to the defendant's last known home address where his mother still resided, two visits to the home of the defendant's aunt, and visits to several locations which the defendant had been known to frequent in the past. Additionally, the officer sought to locate the defendant by contacting the defendant's last known place of employment, as well as instituting checks on the defendant's driver's license and registration, and whether he was receiving welfare benefits. Clearly, these efforts by police to locate the defendant met the due diligence standard (see, People v Taylor, 127 AD2d 714).

The defendant next contends that his guilt was not proven beyond a reasonable doubt. We disagree. The evidence adduced at the trial established that the police officers recovered an operable gun from under the driver's seat of the car which the defendant had been driving. The police also recovered a second operable gun from the back of the police car where a short time earlier, the defendant and his codefendant had been seated. No one else had been in the back seat of the police vehicle prior to the defendant and the codefendant. The defendant failed to produce sufficient evidence at trial to rebut

the statutory presumption of possession as to the first gun *(see,* Penal Law § 265.15 [3]) or to create a reasonable doubt as to his possession of the second gun. On this point we note that the fact that the codefendant, during her allocution on her plea of guilty concerning the instant charges in which she admitted to possessing one or both of the recovered handguns, did not necessarily demonstrate that she exclusively possessed either or both of the guns, particularly in view of the fact that neither gun was found on her person. In viewing the evidence in the light most favorable to the prosecution, we find it is legally sufficient to support the defendant's conviction of the charged crimes. Moreover, upon the exercise of our factual review power, we are satisfied that the evidence established the defendant's guilt beyond a reasonable doubt and that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

Finally, we find that in view of the circumstances of this case, the imposed concurrent sentences of 2 to 6 years which were to run consecutively to the sentence imposed under another indictment, were not unduly harsh or excessive. Mollen, P. J., Rubin, Kooper and Sullivan, JJ., concur.