■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v WILLIAM JACKSON, Respondent.—Appeal by the People from an order of the Supreme Court, Kings County (Heller, J.), dated January 29, 1988, which, after a hearing, granted the defendant's motion to dismiss the indictment pursuant to CPL 30.30 (1) (a).

Ordered that the order is reversed, on the law, the motion is denied, the indictment is reinstated, and the matter is remitted to the Supreme Court, Kings County, for further proceedings.

The Supreme Court held that the defendant was denied a speedy trial within the meaning of CPL 30.30. Specifically, the Supreme Court charged the People with 276 days of inexcusable delay which exceeded the allowable six-calendar-month statutory limitation in this case. Included in this figure was the period from September 29, 1983 to March 20, 1984, in which, according to the Supreme Court, "the police did not exercise due diligence in attempting to locate the defendant" and the period from March 20, 1984 to June 21, 1984, in which, according to the Supreme Court, the police "took no action whatsoever to attempt to locate the defendant".

We disagree with the Supreme Court's determination. Under CPL 30.30 (1) (a), the People must be ready for trial within six months when one of the charges is a felony. However, this period is tolled during the time that the defendant is absent (CPL 30.30 [4] [c]). "A defendant must be considered absent whenever his location is unknown and he is attempting to avoid apprehension or prosecution, or his location cannot be determined by due diligence" (CPL 30.30 [4] [c]).

The record indicates that the felony complaint was filed on December 4, 1982 and that the defendant was indicted and arraigned in January 1983. Thereafter, the defendant was present in court on several occasions. On July 21, 1983, the case was adjourned, upon the defendant's request, until September 6, 1983. On September 6, 1983, the defendant failed to

appear in court. The Supreme Court stayed the issuance of a warrant until September 9, 1983. On September 9, 1983, the defendant did not appear, and a bench warrant was issued. The defendant was returned on the bench warrant on May 10, 1984.

From September 9, 1983 to March 20, 1984, the People made numerous attempts to locate the defendant, including visits to the homes of his mother, paramour, and his place of employment, but all were to no avail. The record indicates that the defendant's paramour and brother were uncooperative and refused to supply any relevant information as to the defendant's whereabouts. The record further discloses that the People ran checks with the Department of Motor Vehicles and Consolidated Edison, and conferred with the defendant's parole officer. Again, their efforts to locate the defendant were unsuccessful. On this record, it is clear that the People did exercise due diligence in their attempt to locate the defendant *(see, People v Taylor,* 127 AD2d 714; *People v Walters,* 127 AD2d 870; *People v Macklowe,* 131 AD2d 785).

Moreover, the defendant's failure to appear for a scheduled court appearance on his pending criminal case, "strongly suggests an attempt to avoid * * * prosecution" *(People v Mitchell,* 106 AD2d 478; *People v Patterson,* 38 NY2d 623).

Under either theory, the amount of time chargeable to the People was within the six-calendar-month statutory limitation in this case. Accordingly, the defendant's motion is denied and the indictment is reinstated. Mangano, J. P., Brown, Eiber and Sullivan, JJ., concur.