■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JESUS CRUZ, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Baker, J.), rendered February 5, 1986, convicting him of assault in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contentions, he was not deprived of his right to a speedy trial (CPL 30.30). Although approximately 23 months elapsed between commencement of this criminal action (CPL 30.30 [1] [a]; 1.20 [17]; see, People v Lomax, 50 NY2d 351) and the People's announcement of readiness for trial, this delay was directly attributable to the defendant's absence (CPL 30.30 [4] [c]), and thus this time is not properly chargeable to the People (CPL 30.30 [4]).

In the instant case, the defendant, who was an undocumented alien, had used several different names, only one of which was known to the detective investigating the crime. This detective, on at least four occasions, paid visits to the defendant's last known address, which was his actual residence at the time. On one occasion the detective was told that the defendant did not reside at that address (see, People v Tower, 18 AD2d 284). In addition, repeated visits to area restaurants in which the defendant had worked or might be working proved fruitless. Similarly, checks of the records of the New York State Department of Motor Vehicles and the Nassau County Department of Social Services under the false name known to police proved fruitless. These efforts clearly constituted reasonable attempts to locate the defendant (see, People v Anderson, 127 Misc 2d 808, 812), and satisfied the People's obligation to attempt to determine the defendant's location through the exercise of due diligence (see, People v Lugo, 140 AD2d 715; People v Hutchenson, 136 AD2d 737; People v Macklowe, 131 AD2d 785; People v Genkin, 131 AD2d 505). Accordingly, the period of delay is properly charged to the defendant (see, People v Taylor, 127 AD2d 714; People v Lemon, 124 AD2d 679).

We have reviewed the defendant's remaining contentions and find them to be without merit. Thompson, J. P., Bracken, Rubin and Spatt, JJ., concur.