THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v GREGORY GARRETT, Respondent.

Second Department, October 7, 1991

**APPEARANCES OF COUNSEL**

*Charles J. Hynes, District Attorney (Jay M. Cohen, Leonard Joblove* and *Sholom J. Twersky* of counsel), for appellant.

*Gregory S. Watts* for respondent.

## OPINION OF THE COURT

LAWRENCE, J.

On January 5, 1988, the defendant was arrested and charged with robbery and other crimes allegedly committed that day. Six days later, the defendant was released on his own recognizance and on January 15, 1988, an indictment was filed, charging him with robbery in the first degree and other crimes. Thereafter, the Kings County Clerk's office sent the defendant a letter notifying him that his arraignment was scheduled for January 26, 1988. When the defendant failed to appear on that date, and again on February 18, 1988, the adjourned arraignment date, parole was revoked and a bench warrant issued.

On March 24, 1988, a warrant squad officer commenced efforts to locate the defendant by various modes of inquiry, including, *inter alia,* visiting the home of the defendant's grandmother, which was also the defendant's residence address listed on his arrest report, and the homes of others, including the defendant's mother, a neighbor and a codefendant's aunt. The grandmother indicated that the defendant had moved from her home about two months earlier; the defendant's mother stated she had not heard from him in seven months; both the neighbor and the codefendant's aunt claimed not to know the defendant's whereabouts. The record discloses other efforts made by the officer in attempting to locate the defendant. Indeed, the Supreme Court concluded that the officer made "a sufficient showing of due diligence" during the period of 61 days from March 24, 1988, through May 24, 1988, and excluded that period from its computation of time chargeable to the People. However, on the latter date, her leads having been exhausted, the officer requested and received permission to file the warrant "pending further information". Since the officer "never received any additional information or phone calls from the family * * * or from the defendant himself", no further efforts were made by the officer to locate the defendant.

The record discloses in February 1989 the defendant was issued a desk appearance ticket, charged with criminal trespass. At that time, he used an alias. On April 20, 1989, the defendant was arrested for alleged sale and possession of a controlled substance and used a different alias. However, fingerprint records disclosed the defendant's true identity, and on April 24, 1989, the defendant was returned on the warrant and the People announced their readiness for trial.

Under these circumstances, we find that the Supreme Court erred in charging the period of 335 days from May 24, 1988, to April 24, 1989, to the People, based on a lack of due diligence in apprehending him, and in concluding that the defendant was denied a speedy trial (146 Misc 2d 919).

CPL 30.30 (4) (c) excludes from consideration in computing the time chargeable to the People the period "resulting from the absence or unavailability of the defendant". Where the defendant "has either escaped from custody or has previously been released on bail or on his own recognizance", CPL 30.30 (4) (c) requires the court to exclude that "period extending from the day the court issues a bench warrant * * * because of the defendant's failure to appear in court when required, to the day the defendant subsequently appears". Notably, the statute defines a defendant as absent *"whenever his location is unknown and he is attempting to avoid apprehension * * * or his location cannot be determined by due diligence"* (CPL 30.30 [4] [c] [emphasis supplied]).

The defendant never denied receiving notice to appear for arraignment following the filing of the indictment. Indeed, the defendant's counsel expressly declined to address the issue of notice to appear for arraignment during the hearing. Thus, it was undisputed that the defendant was notified of the arraignment and willfully failed to appear. Moreover, the warrant officer's testimony clearly reveals that the defendant moved from his grandmother's home about the time the indictment was filed, and his relatives were unaware of his whereabouts. Further, the record establishes that the defendant attempted to avoid apprehension and prosecution, as evidenced by his use of aliases on two occasions thereafter *(see, People v Walker,* 133 AD2d 2; *cf., People v Taylor,* 139 AD2d 543). Accordingly, since the defendant was absent within the meaning of the statute, in that his location was unknown and he was attempting to avoid apprehension, the People were not required to show due diligence as a prerequisite to excluding the period of delay between the time the bench warrant was issued and the time the defendant finally appeared *(see, People v Banham,* — AD2d — [2d Dept, July 8, 1991]; *People v Jackson,* 142 AD2d 597; *People v Walker, supra).*

Even if the People were required to demonstrate due diligence, we find that the period following the issuance of the bench warrant should be excluded. Contrary to the defendant's position, the police are not obligated to search for a

defendant indefinitely. Where, as here, during the initial months after the defendant's failure to appear, the police make visits to the defendant's last known address, question relatives and neighbors and thoroughly exhaust all leads as to the defendant's whereabouts, due diligence has been demonstrated (see, People v Lugo, 140 AD2d 715; People v Hutchenson, 136 AD2d 737; People v Taylor, 127 AD2d 714).

Thus, the court should have excluded from consideration the period of delay from the date the bench warrant was issued until the defendant was returned. Once that time is excluded, it is clear that the defendant was not denied his right to a speedy trial.

Accordingly, the order is reversed, on the law and the facts, the motion is denied, the indictment is reinstated, and the matter is remitted to the Supreme Court, Kings County, for further proceedings.

HARWOOD, J. P., EIBER and BALLETTA, JJ., concur.

Ordered that the order is reversed, on the law and the facts, the motion is denied, the indictment is reinstated, and the matter is remitted to the Supreme Court, Kings County, for further proceedings.