■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARTEL DAVIS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Egitto, J.), rendered July 28, 1989, convicting him of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence.

Ordered that the matter is remitted to the Supreme Court, Kings County, to hear and report on the defendant's motion to dismiss the indictment on the ground that he was deprived of his statutory right to a speedy trial pursuant to CPL 30.30, and the appeal is held in abeyance in the interim; the Supreme Court shall file its report with all convenient speed.

The defendant was arrested on August 14, 1987. He was arraigned on a felony complaint on August 16, 1987, and he was later arraigned on an indictment on October 7, 1987. A bench warrant was issued after the defendant failed to appear in court on November 24, 1987. The defendant did not appear in court again until May 1988; according to the People, the defendant was not produced until May 12, 1988, at which time the People declared their readiness to proceed to trial. The defendant moved to dismiss the indictment on the ground that his statutory right to a speedy trial had been denied. The Supreme Court summarily denied this motion. We find that a hearing is warranted.

Pursuant to CPL 30.30 (1) (a), the People were required to be

"ready for trial within * * *

"six months of the commencement of [the] criminal action". The present criminal action was commenced on August 16, 1987, when a felony complaint was filed (see, People v Sinistaj, 67 NY2d 236; People v Osgood, 52 NY2d 37; People v Lomax, 50 NY2d 351; People v White, 32 NY2d 393; People v Wood, 115 AD2d 834; People v Collins, 93 AD2d 981). Thus, the six-month period expired on February 16, 1988, 184 days after the criminal prosecution began (see, People v Pappas, 128 AD2d 556, 558).

It is conceded that the People did not declare their readiness for trial until May 12, 1988, or 270 days after the commencement of the action and 86 days after February 16, 1988. Thus, it is clear that the People cannot be considered as having been "ready for trial" within the meaning of CPL 30.30 (1) (a), until May 12, 1988 (see, People v Kendzia, 64

NY2d 331, 337; *People v Hamilton,* 46 NY2d 932; *People v Jones,* 105 AD2d 179, *affd* 66 NY2d 529; *People v Anderson,* 105 AD2d 38, 39, *affd* 66 NY2d 529). Since the defendant made a prima facie showing that the People exceeded the six-month deadline by 86 days, the burden fell upon the People to demonstrate that at least 86 days were to be excluded from the speedy trial timetable *(see,* CPL 30.30 [4]; *People v Kendzia, supra,* at 338; *People v Berkowitz,* 50 NY2d 333, 349).

In the Supreme Court, the People argued that the period of 33 days which elapsed between September 4, 1987, when an indictment was filed, and October 7, 1987, when the defendant was arraigned, should be excluded because "the People are provided a reasonable period of time from the filing of the indictment to the date of arraignment" *(see, People v Baker,* 131 AD2d 491; *People v Pappas,* 128 AD2d 556, *supra; People v Gaggi,* 104 AD2d 422). Although the defendant does not specifically take issue with this assertion, we note that it is incorrect *(see, People v Palacios,* 78 NY2d 925; *People v Correa,* 77 NY2d 930). The People conceded that they were "chargeable" with the 41 days from October 7, 1987, to November 17, 1987. The People argued that they should not be charged with the six-day delay which occurred between November 17, 1987, and November 23, 1987, because that delay was allegedly attributable to the defendant's request for an adjournment. Most importantly, the People argued that they should not be charged with the remaining 170-day period which elapsed between the court's issuance of a bench warrant on November 24, 1987, until May 12, 1988, when the People declared their readiness to proceed.

In arguing that this 170-day period is excludable, the People relied upon CPL 30.30 (4) (c), which provides for the exclusion of certain delays which result from the defendant's "absence or unavailability". Pursuant to an amendment enacted in 1984 (L 1984, ch 670), CPL 30.30 (4) (c), provides that, in assessing the prosecution's compliance with statutory speedy trial deadlines, the court shall, under certain defined circumstances, exclude "the period extending from the day the court issues a bench warrant * * * to the day the defendant subsequently appears in the court" *(see, People v Bolden,* 174 AD2d 111; *People v Garrett,* 171 AD2d 153). On appeal, the People continue to rely on this provision in asserting that, whether or not they exercised "due diligence" in attempting to secure the defendant's presence at the trial, the entire period of time between November 24, 1987, and May 12, 1988, must be excluded.

A defendant is considered absent "whenever his location is *unknown and* he is attempting to avoid apprehension or prosecution *or* his location cannot be determined by due diligence" (CPL 30.30 [4] [c] [emphasis added]). The statute also states that a defendant "must be considered *unavailable* whenever his location is *known* but his presence for trial cannot be obtained by due diligence" (CPL 30.30 [4] [c] [emphasis added]). Thus, the scope of the exclusion provided for pursuant to CPL 30.30 (4) (c) depends in large part on whether the defendant's location was actually *known* during the period of his absence, because if the defendant's whereabouts were, in fact, known, then the issuance of a bench warrant will not automatically render the ensuing period of time excludable *(cf., People v Bolden, supra; People v Garrett, supra* [both cases in which the defendant's location was *unknown]).*

In the present case, the papers submitted by the People reveal that at some point prior to March 8, 1988, the defendant had been taken into custody by local law enforcement authorities and had been imprisoned on Rikers Island. It is clear that, after his incarceration, knowledge of the defendant's location must be attributed to the agents of the State *(see generally, People v Knight,* 163 AD2d 583, *affg* 140 Misc 2d 1075; *People v Greenwaldt,* 103 AD2d 933). Since the People must be deemed to have known the defendant's location during the period of time which followed his incarceration, they must be charged with that time unless they can prove that they exercised due diligence in producing him for trial *(see, People v Knight, supra; People v Bryant,* 139 AD2d 750; *People v Billups,* 105 AD2d 795; *People v Greenwaldt, supra; People v Melendez,* 92 AD2d 904). Since it cannot be determined from the contents of the papers submitted to the Supreme Court exactly when the defendant was taken into custody, a hearing is necessary.

The papers submitted by the People in opposition to the defendant's motion to dismiss pursuant to CPL 30.30 did not include the sort of "unquestionable documentary proof" which is needed in order to warrant the summary denial of such a motion (CPL 210.45 [5] [c]; *People v Reid,* 102 AD2d 835). It is true that the Assistant District Attorney asserted that "a check with the City Corrections System [conducted on February 12, 1988] revealed that the defendant was not incarcerated". With this assertion, the Assistant District Attorney proved, at most, that a "check" of unknown thoroughness caused someone to believe that the defendant was not incarcerated as of February 1988; this, however, does not constitute

sufficient proof that the defendant was in fact not incarcerated at that time. There was no statement as to exactly when, and for what reason, the defendant had been taken into custody. There is also no actual denial of knowledge of the defendant's whereabouts.

For these reasons, a hearing is necessary. At the hearing, the People should also have the opportunity to prove "due diligence" with respect to the period of time following the defendant's incarceration. If they actually knew his whereabouts prior to his incarceration, they will have to demonstrate due diligence with respect to that period of time as well. Also, we note that the defendant's attorney alleged, albeit in a completely conclusory way, that for certain periods of time *after* the People's announcement of readiness on May 12, 1988, that is, between July 5, 1988, and November 4, 1988, the People were in fact not ready to proceed. Nothing in this decision should be construed as foreclosing inquiry at the hearing into this issue, or for that matter, into any other issue properly raised in the motion papers. Mangano, P. J., Bracken, Pizzuto and Santucci, JJ., concur.