■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v PAUL DELARONDE, Respondent. [608 NYS2d 338] —White, J. Appeal from an order of the County Court of Clinton County (McGill, J.), entered February 2, 1993, which granted defendant's motion to dismiss the indictment.

On April 23, 1990, a felony information was filed charging defendant with the crime of hindering prosecution in the second degree and a warrant was issued for his arrest. The warrant, however, was not executed until March 17, 1991. Thereafter, on May 24, 1991, an indictment was filed against defendant and the People announced their readiness for trial on June 10, 1991. Subsequently, defendant moved to dismiss the indictment on the ground, *inter alia,* that he had been denied the right to a speedy trial due to the People's failure to be ready for trial within six months of the filing of the felony information *(see,* CPL 30.30 [1] [a]). At the conclusion of a fact-finding hearing, County Court granted the motion, finding that although the State Police exercised due diligence at different periods of time, they did not exercise it at all times during the period in question.

The People contend that the period between April 30, 1990 and March 17, 1991 should be excluded from the calculation of the speedy trial period because defendant was absent *(see,* CPL 30.30 [4] [c]). A defendant is "considered absent whenever his location is unknown and he is attempting to avoid apprehension or prosecution, or his location cannot be determined by due diligence" (CPL 30.30 [4] [c]). Here, as there was no proof that defendant was attempting to avoid apprehension,

the determinative issue is whether the police exercised due diligence.

Investigator John Welch, the State Trooper assigned to execute the warrant, testified that he believed defendant, a Mohawk, was living in Canada on a reservation known as Kahnwake. Thus, as soon as he received the warrant, he placed defendant's name in the United States customs computer, thereby informing every port of entry that there was an outstanding arrest warrant for defendant. He also distributed defendant's photograph to customs officials, the border patrol, the City of Plattsburgh Police Department and Canadian authorities. In late April 1990, two elite squads of police came to the Plattsburgh area to assist in locating a number of individuals, including defendant, who allegedly were involved in the shooting down of a helicopter as it flew over Ganienkeh territory, which is located in the Town of Altona, Clinton County. After they left, Welch continued his efforts to locate defendant by looking for him in malls, motels and bars in the Plattsburgh area known to be frequented by defendant and the others who were being sought. In addition, he checked out defendant's relatives who lived in the area and ran checks with the Department of Motor Vehicles and United States Post Office. All during the period he maintained contact with local postal authorities to see if defendant picked up his mail, continually updated the computer file on defendant and checked motor vehicle records.

In May 1990, Welch attempted to lure defendant, among others, into Clinton County by making a telephone call to the bingo hall in Ganienkeh giving false information of National Guard activity at Clinton County Airport. This ruse was unsuccessful but did result in two persons driving defendant's car to the airport where they were stopped and questioned. In the early fall of 1990, when he learned that a member of defendant's family was being married in Plattsburgh, the wedding was staked out and the motel rooms checked for two days. Welch further testified that every time he went to Altona he would stop cars he knew had been in Ganienkeh on the chance that defendant might be present in one of them. In late 1990, acting on a tip that defendant was purchasing cigarettes in North Carolina, Welch contacted the police authorities there to solicit their help in apprehending defendant. All of these efforts proved unsuccessful until March 17, 1991, when Welch observed defendant in a Plattsburgh bar and arrested him.

While minimal attempts to locate a defendant and secure

his presence in court will not satisfy the due diligence standard, the police are not obliged to search for a defendant indefinitely as long as they exhaust all reasonable investigative leads as to his whereabouts *(see, People v Marrin,* 187 AD2d 284, *lv denied* 81 NY2d 843; *People v Garrett,* 171 AD2d 153, *lv denied* 79 NY2d 827).

Defendant admitted that he lived in Canada, apparently beyond the reach of New York authorities, for at least 50% of the time during the period in question, and that his wife and children resided in St. Michele, Canada, where the children attended school and his wife was a teacher. Further, defendant had mailing addresses in both Kahnwake and St. Michele, and although he had a post office box in Altona, he stated that he never picked up mail in Altona during the period in question. Defendant maintains that Welch did not exhaust all reasonable leads because he did not make any inquiries in Ganienkeh where defendant claims he lived 50% of the time during this period. Nor did Welch interview any of defendant's family members or relatives who live in Ganienkeh. This is a disingenuous argument because defendant admitted that the State Police would not have been permitted to enter Ganienkeh. In view of this constraint, which significantly curtailed Welch's ability to locate defendant, and the fact that his efforts to locate defendant were ongoing to some degree throughout the period in question, we find that Welch did exercise due diligence *(see, People v Marrin, supra).* Therefore, the period between April 23, 1990 and March 17, 1991 is not chargeable to the People. Accordingly, we reverse County Court's order because the period that is chargeable to the People, March 17, 1991 to June 10, 1991, is well within the six-month readiness for trial period prescribed by CPL 30.30 (1) (a).

Cardona, P. J., Mercure, Crew III and Weiss, JJ., concur. Ordered that the order is reversed, on the law, indictment reinstated, and the matter remitted to the County Court of Clinton County for further proceedings not inconsistent with this Court's decision.