■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS MALDONADO, Appellant. [619 NYS2d 730] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Demarest, J.), entered April 1, 1991, convicting him of criminal possession of a controlled substance in the fifth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On December 7, 1988, a police officer saw the defendant drop a paper bag containing narcotics as he saw the officer approaching. The defendant was arrested, arraigned, and released upon his own recognizance to return to court on a later date, but he never returned. A bench warrant was issued, and the police warrant squad made numerous efforts to locate the defendant, but did not find him. Finally, he was arrested on December 8, 1989, indicted, tried, and convicted. The defendant claims that he was deprived of his statutory right to a speedy trial under CPL 30.30 due to the People's failure to exercise due diligence in locating him.

It is well settled that a defendant is considered absent whenever his location is unknown and he is attempting to avoid apprehension or prosecution or his location cannot be determined with due diligence *(see,* CPL 30.30 [4] [c]; *People v Bolden,* 81 NY2d 146; *People v Davis,* 184 AD2d 575).

Here, after the defendant failed to appear in court, a bench warrant was issued, and the warrant squad visited his last known addresses, contacted his sister, tried to locate him through the New York State Department of Motor Vehicles, and attempted to find his whereabouts through the New York State Human Resources Administration. We find that the defendant was avoiding apprehension. In any event, the efforts made by the warrant squad were sufficient to show due diligence on its part to locate the defendant. Accordingly, the entire period of the defendant's absence was excludable, and the defendant's right to a speedy trial was not violated.

Additionally, issues of credibility are for the jury, and its determination should not be disturbed unless clearly unsupported by the facts *(see, People v Bleakley,* 69 NY2d 490; *People v Garafolo,* 44 AD2d 86). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Sullivan, J. P., Rosenblatt, Pizzuto and Altman, JJ., concur.