OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be reversed, and the matter remitted to the Appellate Division for further proceedings in accordance with the memorandum herein, including consideration of the facts pursuant to CPL 470.25 (2) (d) and 470.40 (2) (b).
 

 Defendant was arrested on March 27, 1989, and indicted for criminal possession of a controlled substance in the first and second degrees. On June 13, 1989, Supreme Court issued a bench warrant when defendant, who had been released on his own recognizance, failed to appear for arraignment on the indictment. The warrant was assigned to a detective on July 5, 1989.
 

 Between July 5 and October 6, 1989, the detective periodically checked the computer for additional information on the
 
 *930
 
 defendant, including whether the warrant remained active. On July 24, 1989, the detective received a photograph of the defendant. On October 6, 1989, the detective went to the address which defendant had given as his home address and discovered that defendant had never resided in the building. The detective subsequently learned that the defendant had provided another address where he could be reached. Upon further investigation, the detective discovered that the second address was nonexistent.
 

 On June 27, 1990, defendant was arrested when he went to the airport to assist a coconspirator who was attempting to smuggle cocaine into the United States. Defendant ultimately pleaded guilty to a Federal indictment. While incarcerated in a Federal penitentiary for the June 27 incident, defendant filed a motion to dismiss this action on speedy trial grounds. Supreme Court denied the motion and defendant proceeded to trial on charges arising out of the March 27, 1989 arrest. The jury convicted defendant of criminal possession of a controlled substance in the first degree.
 

 Defendant appealed his conviction, arguing that he had been deprived of his ready trial right under CPL 30.30 and that he received ineffective assistance of counsel. The Appellate Division held the appeal in abeyance and remitted the matter to Supreme Court for a de nova hearing on the ready trial motion because Supreme Court had relied on an Appellate Division case which had been reversed on appeal
 
 (see, People v Bolden,
 
 174 AD2d 111,
 
 revd
 
 81 NY2d 146)
 
 (People v Torres,
 
 210 AD2d 270). On remand, Supreme Court determined that defendant’s ready trial rights had not been violated because defendant had been attempting to avoid apprehension and prosecution, and the People had exercised due diligence in attempting to locate defendant. The Appellate Division reversed, finding that the People had failed to exercise due diligence in locating the defendant, and granted defendant’s motion to dismiss the indictment on ready trial grounds. A Justice of the Appellate Division granted leave to the People to appeal to this Court.
 

 The sole issue determined on this appeal is whether the 73-day period from July 24, 1989 to October 6, 1989 should be chargeable to the People in calculating the ready trial period because the People allegedly failed to exercise due diligence in locating the defendant. CPL 30.30 (4) (c) provides that a period of delay resulting from the absence of the defendant may be excluded from time chargeable to the People when a defendant’s location is unknown and the defendant attempts to avoid
 
 *931
 
 apprehension or prosecution. The People need not exercise due diligence in attempting to locate a defendant who is attempting to avoid apprehension or prosecution
 
 (People v Luperon,
 
 85 NY2d 71, 80, n 3). Accordingly, the Appellate Division erred in imposing a due diligence requirement under these circumstances and must now review Supreme Court’s finding that defendant attempted to avoid apprehension or prosecution in addition to any other relevant factual issues which may arise on remittal.
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith, Levine and Ciparick concur.
 

 Order reversed and case remitted to the Appellate Division, Second Department, for further proceedings in accordance with the memorandum herein.