■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v GERARD DUNCAN, Respondent. [646 NYS2d 362] —Appeal by the People from an order of the Supreme Court, Queens County (Finnegan, J.), dated May 10, 1995, which granted the defendant's motion to dismiss the indictment pursuant to CPL 30.30.

Ordered that the order is reversed, on the law, the defendant's motion is denied, the indictment is reinstated, and the matter is remitted to the Supreme Court, Queens County, for further proceedings.

Contrary to the defendant's contention, the People exercised due diligence in attempting to locate him after he failed to appear for a scheduled court date. Although minimal attempts to locate a defendant and secure his presence in court will not satisfy the due diligence standard (CPL 30.30 [4] [c]), the People are not required to search indefinitely for him as long as they exhaust all reasonable investigative leads as to his whereabouts *(see, People v Delaronde,* 201 AD2d 846; *People v Marrin,* 187 AD2d 284; *People v Garrett,* 171 AD2d 153; *see generally, People v Torres,* 88 NY2d 928).

The record indicates that in the period of time following the assignment of an officer with the warrant squad to investigate the defendant's whereabouts, the officer visited the defendant's last known residence on two occasions, interviewed the complainant, made separate visits to the defendant's two sisters, checked his place of employment, conducted other inquiries including checking with the Post Office and the Department of Correction, and otherwise exhausted all available leads as to the defendant's whereabouts *(see, People v Maldonado,* 210 AD2d 259; *People v Garrett, supra,* at 156).

Contrary to the court's determination, the People were not obligated under the circumstances presented to pursue their leads in any particular order. Nor was due diligence lacking

merely because the investigating officer chose to revisit the defendant's last known address before interviewing certain of the defendant's family members *(cf., People v Walters,* 127 AD2d 870; *see also, People v Hutchenson,* 136 AD2d 737, 738). Further, the investigating officer acted reasonably in taking certain preparatory actions, such as making computer checks and securing the defendant's photograph, before visiting the defendant's last known residence less than two weeks from his receipt of the warrant *(cf., People v Torres,* 218 AD2d 757; *People v Drummond,* 215 AD2d 579; *People v Davis,* 205 AD2d 697).

Accordingly, the court erred in granting the defendant's motion to dismiss the indictment on speedy trial grounds pursuant to CPL 30.30. Bracken, J. P., Miller, Copertino and Krausman, JJ., concur.