■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v GALE LESLEY, Respondent. [649 NYS2d 6] —Order, Supreme Court, New York County (Brenda Soloff, J.), entered February 10, 1995, which granted defendant's motion to dismiss the indictment pursuant to CPL 30.30, affirmed.

The 194-day period during which defendant was incarcerated out of State, albeit under a false name, was chargeable to the People for failure to establish that his location was unknown (*People v Bolden*, 81 NY2d 146; *People v Sigismundi*, 222 AD2d 382, *lv granted* 88 NY2d 856). On September 2, 1993, the day after his arrest in Baltimore, the local authorities notified the New York State Police that defendant was in custody. The State Police responded that they intended to extradite him, and relayed this information to the New York State Division of Parole. Defendant waived extradition on October 6 and consented to be returned to New York. Later that month, defendant was discharged by a Maryland court for failure of New York authorities to take custody.

The information at hand was obviously sufficient to identify this defendant despite his use of aliases, and such information must be imputed from one State law enforcement agency to another (*People v McLaurin*, 38 NY2d 123, 126; *People v Davis*, 184 AD2d 575, 577). Since defendant's location was not "unknown", he could not be "absent" within the meaning of CPL 30.30 (4) (c) (i). Where the location *is* known, a defendant might still be considered "unavailable", but only if the People can show that his presence for trial could not be obtained by due diligence (*People v Quiles*, 176 AD2d 164, 165). This standard was not met because the People made no effort to return defendant to New York while he was incarcerated in Baltimore. Accordingly, the entire 194-day period was includable. Concur—Rosenberger, J. P., Wallach and Tom, JJ.

Nardelli, J., dissents in a memorandum as follows: I disagree

with the holding of the majority herein and, therefore, would reverse the order of the Supreme Court which dismissed the indictment on the ground the People had not answered ready for trial within the time limit specified by CPL 30.30.

I do not believe the People should be chargeable with a period of time following the issuance of a bench warrant when the defendant's location is unknown to the prosecutor and the undisputed facts show that defendant is actively avoiding apprehension.

Defendant was arrested for drug sale and possession. After his arraignment, the matter was adjourned on three occasions to July 12, 1993. Defendant failed to appear in court on that date and a bench warrant for his arrest was stayed upon the representation of defense counsel that defendant had sustained a serious injury in an accident. The case was further adjourned until July 26, 1993, and when defendant failed to appear on that date a bench warrant was ordered for his arrest. On September 1, 1993, January 14, 1994 and May 25, 1994, defendant was arrested in Baltimore, Maryland, under *three different names* for charges unrelated to this case. On July 1, 1994, he was involuntarily returned to New York on the outstanding warrant.

The majority would include the 194-day period during which the defendant was incarcerated in Baltimore under a *false* name as chargeable to the People for "failure to establish that his location was unknown". If a defendant's location is unknown and he is attempting to avoid apprehension or prosecution, that situation "would not require a showing of due diligence under the literal terms" of CPL 30.30 (4) (c) (*People v Bolden*, 81 NY2d 146, 155). The clear evidence herein that defendant fled the jurisdiction and used aliases satisfies the requirement of establishing his intent to avoid apprehension or prosecution (*see, People v Delacruz*, 189 AD2d 717, 718-719). Moreover, the Court of Appeals has recently noted in a case where "the People allegedly failed to exercise due diligence in *locating* the defendant" (*People v Torres*, 88 NY2d 928, 930 [emphasis added]) that: "The People need not exercise due diligence in attempting to *locate* a defendant who is attempting to avoid apprehension or prosecution [citation omitted]" (*supra*, at 931 [emphasis added]). The majority herein and Criminal Term, nevertheless, continue to impose a requirement that the People show "due diligence" in attempting to *locate* a defendant who has absconded to avoid apprehension or prosecution and who uses aliases when apprehended in another jurisdiction in a further attempt to avoid prosecution.

While the Supreme Court imputed knowledge of defendant's whereabouts to the People since the Division of Parole was familiar with one of the aliases defendant used, there was no basis to assume that there is any automatic link-up between the records of the warrant squad in New York City and the records of the Division of Parole. While the State Police were notified by the Baltimore City Police about defendant's parole warrant and a copy of the notification was sent to the New York State Division of Parole, neither the State Police nor the Division of Parole informed the prosecutor in *this* case that defendant had been arrested in Baltimore.

In effect, the justice system has given defendant a "prize" for his successful and *affirmative* actions in escaping the jurisdiction and then using aliases in his attempt to avoid prosecution.