■ In the Matter of MICHAEL C., a Person Alleged to be a Juvenile Delinquent, Appellant. [690 NYS2d 460] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (McLeod, J.), dated February 17, 1998, which, upon a fact-finding order of the same court also dated Febru-

ary 17, 1998, made after a hearing, finding that the appellant had committed acts, which, if committed by an adult, would have constituted the crimes of attempted criminal sale of a controlled substance in the third degree, attempted criminal sale of a controlled substance in the fifth degree, and attempted assault in the third degree, adjudged him to be a juvenile delinquent and imposed a conditional discharge for one year. The appeal brings up for review the fact-finding order dated February 17, 1998.

Ordered that the order of disposition is reversed, on the law, without costs or disbursements, the fact-finding order is vacated, and the petition is dismissed.

The appellant contends that the Family Court erred in denying his motion to dismiss the petition for failing to provide a speedy fact-finding hearing pursuant to Family Court Act § 340.1 (7). We agree.

Although the presentment agency was not obligated to search for the appellant indefinitely (cf., People v Duncan, 230 AD2d 750; People v Delaronde, 201 AD2d 846; People v Marrin, 187 AD2d 284; People v Garrett, 171 AD2d 153), it failed in its burden to demonstrate that all known leads as to his whereabouts were exhausted (cf., People v Maldonado, 210 AD2d 259; People v Allah, 202 AD2d 599). O'Brien, J. P., Florio, H. Miller and Smith, JJ., concur.