■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDRE MAYHEW, Appellant. [694 NYS2d 410] —Appeal by the defendant from a judgment of the County Court, Westchester County (Leavitt, J.), rendered May 11, 1998, convicting him of burglary in the first degree, robbery in the first degree, criminal possession of a weapon in the third degree, petit larceny, and unlawful imprisonment in the first degree, upon a nonjury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

In computing the time within which the People must be ready for trial, CPL 30.30 (4) (c) (i) permits the exclusion of periods of delay attributable to the absence of a defendant because his whereabouts either are unknown and he is attempting to avoid apprehension or prosecution, or "cannot be determined by due diligence". Whether the People have exercised due diligence in attempting to locate an individual is a mixed question of law and fact (*see, People v Luperon,* 85 NY2d 71, 78). The police are not obliged to search for a defendant indefinitely, as long as they exhaust all reasonable investigative leads as to his whereabouts (*see, People v Duncan,* 230 AD2d 750; *People v Delaronde,* 201 AD2d 846). On this record, we find no basis to disturb the court's finding that the efforts of the police here were sufficient to show due diligence (*see,* CPL 30.30 [4] [c]; *People v Torres,* 88 NY2d 928).

The defendant's remaining contention is without merit. S. Miller, J. P., Santucci, Krausman and Florio, JJ., concur.