■ In the Matter of YUSEF B., a Person Alleged to be a Juvenile Delinquent, Respondent. PRESENTMENT AGENCY, Appellant. [702 NYS2d 314] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the Presentment Agency appeals from an order of the Family Court, Kings County (Pearce, J.), dated August 31, 1998, which dismissed the petition.

Ordered that the order is affirmed, without costs or disbursements.

The Family Court properly dismissed the petition since a fact-finding hearing was not held within 60 days of the respondent's initial appearance in court (*see,* Family Court Act § 340.1 [2]). A period of 25 days, during which a warrant was outstanding, were properly included in calculating the 60-day period, as there was a failure to exercise due diligence in securing the respondent's presence (*see,* Family Ct Act § 340.1 [2], [7]; *Matter of Michael C.,* 262 AD2d 318; *Matter of Anthony R.,* 262 AD2d 25). Specifically, the Presentment Agency, aware that the respondent spent nights at his mother's home, did not visit the home, and therefore failed to demonstrate that all known leads as to his whereabouts were exhausted (*see, Matter of Michael C., supra*).

Moreover, the Presentment Agency's claim that 21 days should have been excluded as time necessary for the administrative processing of the warrant must be rejected. There is no "blanket exception for 'reasonable administrative delay' " (*People v Luperon,* 85 NY2d 71, 79). Here, the Presentment Agency failed to establish the facts that would be necessary to show that 21 days were reasonably attributable to administrative processing. An Assistant Corporation Counsel merely testified that during that time, she ascertained that the warrant had been entered in the Central Warrant Computer System and was given a number. She was not aware of any other action taken on the warrant.

In addition, the Presentment Agency's reliance on criminal cases where similar periods of time were excluded as reasonable administrative delays in the execution of warrants (*see,*

*People v Torres,* 218 AD2d 757, *revd* 88 NY2d 928; *People v Reid,* 214 AD2d 396) is misplaced. Those cases were governed by CPL 30.30, a prosecutorial readiness statute. The instant matter is governed by Family Court Act § 340.1, a speedy hearing statute, which is subject to stricter time limitations (*see, Matter of Benjamin L.,* 92 NY2d 660). Sullivan, J. P., Krausman, McGinity and H. Miller, JJ., concur.