THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KAREN A. PETRIANNI, Appellant. [806 NYS2d 835]—

Appeal from a judgment of the Ontario County Court (Frederick G. Reed, J.), rendered December 5, 2003. The judgment convicted defendant, after a nonjury trial, of driving while intoxicated as a felony (two counts) and aggravated unlicensed operation of a motor vehicle in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting her, after a nonjury trial, of two counts of driving while intoxicated as a felony (Vehicle and Traffic Law § 1192 [2], [3]; § 1193 [1] [c] [i]) and one count of aggravated unlicensed operation of a motor vehicle in the first degree (§ 511 [3]). Insofar as defendant contends that her constitutional right to a speedy trial was violated (*see* CPL 30.20), that contention is not preserved for our review (*see People v Robinson*, 1 AD3d 1019, 1020 [2003], *lv denied* 2 NY3d 745 [2004]; *People v Weeks*, 272 AD2d 983 [2000], *lv denied* 95 NY2d 872 [2000]). We reject the contention of defendant that County Court erred in denying her motion to dismiss the indictment on the ground that her statutory right to a speedy trial was violated based on the period of prearraignment delay. "While minimal attempts to locate a defendant and secure his [or her] presence in court will not satisfy the due diligence standard, the police are not obliged to search for a defendant indefinitely as long as they exhaust all reasonable investigative leads as to his [or her] whereabouts" (*People v Delaronde*, 201 AD2d 846, 847-848 [1994]; *see People v Marrin*, 187 AD2d 284, 286 [1992], *lv denied* 81 NY2d 843 [1993]).

Here, "[t]here is no indication that the authorities shirked their continuing obligation of due diligence" (*Marrin*, 187 AD2d at 286). Indeed, the record establishes that the deputy sheriff who was attempting to locate defendant wrote letters to her last known address, repeatedly sought the assistance of Pennsylvania authorities in attempting to locate her in that state, and frequently sought information concerning defendant from the respective departments of motor vehicles in both New York and Pennsylvania. Under the circumstances of this case, the court properly concluded that the People exercised the requisite due diligence in attempting to locate defendant. Thus, contrary to the contention of defendant, the court properly determined that the period of prearraignment delay was excludable for statutory speedy trial purposes (*see* CPL 30.30 [4] [c] [i]).

We reject the further contention of defendant that the evidence is legally insufficient to establish that she had previously been convicted of driving while intoxicated. The certificate of conviction that was introduced in evidence identified defendant by name and date of birth and was corroborated by paperwork from the New York State Department of Motor Vehicles (DMV) reflecting that information. Thus, the People established that defendant was the person previously convicted of driving while intoxicated (*see People v Dugan*, 188 AD2d 927, 928 [1992], *lv denied* 81 NY2d 839 [1993]; *see generally People v Richards*, 266 AD2d 714, 715-716 [1999], *lv denied* 94 NY2d 924 [2000]; *People v Rattelade*, 226 AD2d 1107, 1107-1108 [1996], *lv denied* 88 NY2d 992 [1996]; *cf. People v Van Buren*, 82 NY2d 878, 880-881 [1993]). We also reject the contention of defendant that the evidence is legally insufficient to establish that she was the person whose privilege to operate a motor vehicle in the State of New York was suspended. A DMV abstract of her license that was introduced in evidence contained her name and date of birth, and a witness testified that defendant's license previously had been suspended based on defendant's conviction of driving while intoxicated. Present—Pigott, Jr., P.J., Martoche, Smith, Pine and Hayes, JJ.