■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OWEN DEVORE, Appellant. [885 NYS2d 497]—

Appeal by the defendant from a judgment of the County Court, Westchester County (Cohen, J.), rendered June 19, 2007, convicting him of attempted murder in the second degree, gang assault in the first degree, assault in the first degree (two counts), and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, that branch of the defendant's motion which was to dismiss the indictment pursuant to CPL 30.30 is granted, the indictment is dismissed, and the matter is remitted to the County Court, Westchester County, for the purpose of entering an order in its discretion pursuant to CPL 160.50.

The defendant was convicted of charges arising from an

incident that occurred on December 22, 2004. On April 20, 2005, a felony complaint was filed and a warrant was issued for the defendant's arrest. The defendant was arrested on July 21, 2006, when he turned himself in on an unrelated weapons charge. He was indicted and then arraigned on September 14, 2006.

The defendant moved to dismiss the indictment on the ground, among others, that he was denied his statutory right to a speedy trial. After a hearing, the Supreme Court (Adler, J.) denied that branch of his motion which was to dismiss the indictment pursuant to CPL 30.30, finding that a period of 436 days of the 512 days between the dates of the issuance of the warrant and the defendant's arraignment was excludable, making the People's announcement of readiness timely. In making this determination, however, the Supreme Court should not have excluded from the calculation the 429-day period from May 18, 2005, to July 21, 2006. Without the exclusion of that period, the People failed to satisfy their obligation pursuant to CPL 30.30.

A motion to dismiss an indictment pursuant to CPL 30.30 (1) (a) must be granted where the People are not ready for trial within six months of the commencement of a felony criminal action (*see* CPL 30.30 [1] [a]; 210.20 [1] [g]). In computing the time within which the People must be ready for trial, the court must exclude "the period of delay resulting from the absence or unavailability of the defendant" (CPL 30.30 [4] [c] [i]; *see People v Bratton*, 103 AD2d 368 [1984], *affd on op below* 65 NY2d 675 [1985]). "A defendant must be considered absent whenever his location is unknown and he is attempting to avoid apprehension or prosecution, or his location cannot be determined by due diligence" (CPL 30.30 [4] [c] [i]; *see People v Maldonado*, 210 AD2d 259 [1994]).

Here, the defendant met his initial burden on his motion by demonstrating that the People failed to declare their readiness for trial within the time required by the statute. The burden then shifted to the People to demonstrate that they were ready for trial on a timely basis because a sufficient portion of the time between commencement and readiness should be excluded from the calculation (*see People v Luperon*, 85 NY2d 71, 77-78 [1995]; *People v Price*, 61 AD3d 127, 129 [2009]). The People did not carry this burden, however, as they failed to prove either that the defendant was attempting to avoid apprehension or that his location could not be determined by due diligence, a necessary predicate for an exclusion based upon the defendant's absence.

The evidence at the hearing established that the efforts undertaken by the police to locate the defendant consisted of visiting his primary address at 224 Woodworth Avenue, where they spoke to a neighbor who indicated that the defendant had moved, and visiting a possible address for the defendant's girlfriend, where they left a business card. The defendant testified without dispute, however, that he had been living with his grandmother at 111 Waverly Street for six years. He proffered letters he received at that address during the relevant time period from numerous governmental agencies and private companies, including letters from the Social Security Administration, the New York State Departments of Taxation and Finance, Motor Vehicles, Labor, and Education, as well as letters concerning his 401 (k) and credit accounts and pay stubs listing that address. The warrant officer testified that although the warrant squad was aware of the defendant's Social Security number, it never checked with the Social Security Administration, the Department of Motor Vehicles, the Department of Taxation and Finance, or any other agency to obtain a current address for the defendant.

The police are not required to search for a defendant indefinitely, but they must exhaust all reasonable investigative leads as to his or her whereabouts (*see People v Petrianni*, 24 AD3d 1224 [2005]; *People v Mayhew*, 263 AD2d 546, 547 [1999]; *People v Duncan*, 230 AD2d 750 [1996]; *People v Garrett*, 171 AD2d 153, 155-156 [1991]; *People v Marrin*, 187 AD2d 284, 286 [1992]). Checking with the relevant governmental agencies for the defendant's address is recognized as a reasonable element of such an investigation (*see People v Petrianni*, 24 AD3d at 1225; *People v Duncan*, 230 AD2d at 750; *People v Maldonado*, 210 AD2d at 260; *People v Delaronde*, 201 AD2d 846, 847 [1994]; *People v Marrin*, 187 AD2d at 286; *People v Jackson*, 150 AD2d 609, 609-610 [1989]; *People v Hutchenson*, 136 AD2d 737, 738 [1988]; *People v Taylor*, 127 AD2d 714, 714-715 [1987]). Such efforts are particularly necessary where, as here, the initial investigation resulted in information that the defendant had moved from his known address. Since the police failed to undertake such efforts here, they did not exercise due diligence to locate the defendant. As a result, the period from May 18, 2005, to July 21, 2006, should not have been excluded from the speedy-trial calculation, and that branch of the defendant's motion which was to dismiss the indictment pursuant to CPL 30.30 should have been granted.

In light of this determination, the defendant's remaining contentions have been rendered academic. In any event, they

are without merit (*see People v Yazum*, 13 NY2d 302, 304 [1963]; *People v Young*, 266 AD2d 93, 94 [1999]; *see also People v Benevento*, 91 NY2d 708, 712-713 [1998]). Spolzino, J.P., Skelos and Covello, JJ., concur.

Dillon, J., dissents and votes to affirm the judgment, with the following memorandum: I respectfully dissent and vote to affirm the defendant's judgment of conviction.

The evidence establishes that the police undertook to locate the defendant by visiting his address listed in connection with a prior arrest, by visiting what they believed to be the defendant's girlfriend's residence, by visiting an address provided by a teletype from the Department of Housing and Urban Development, and by distributing posters. None of the residential addresses were current or correct. The police also visited two stores where it was believed the defendant worked, only to learn from a supervisor of one store that the defendant had not been seen for some time, and at another store that the defendant was no longer its employee. The police also received a phone call from a female who said the defendant would be back in Yonkers within the week and would go to court, but the defendant did not surrender, and a follow-up call to the phone number by police was not returned. These police efforts were all undertaken between January 25, 2005, and April 25, 2006.

In my view, the hearing court correctly determined that significant portions of speedy trial time, over the course of 15 months, were excludable from the calculus of CPL 30.30 as the defendant's location could not be determined with due diligence (*see* CPL 30.30 [4] [c] [i]; *cf. People v Garrett*, 171 AD2d 153, 156 [1991]). Police efforts may constitute due diligence even where, as here, greater efforts conceivably could have been undertaken by them (*see People v Grey*, 259 AD2d 246, 249 [1999]; *People v Marrin*, 187 AD2d 284, 286 [1992]).

As to the remaining grounds on which the defendant seeks a reversal of his judgment of conviction, the trial court did not err in its ruling regarding the People's closing argument (*see People v Ashwal*, 39 NY2d 105, 109 [1976]), or in charging the jury on consciousness of guilt (*cf. People v Torres*, 179 AD2d 696 [1992]), and counsel was not ineffective (*see People v Benevento*, 91 NY2d 708, 712-713 [1998]; *People v Rivera*, 71 NY2d 705, 709 [1988], *People v Baldi*, 54 NY2d 137, 147 [1981]).