■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LINDA REMY, Appellant. [896 NYS2d 689]—Appeal by the defendant from a judgment of the County Court, Rockland County (Kelly, J.), rendered June 2, 2005, convicting her of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and her statements to law enforcement officials.

Ordered that the judgment is affirmed.

The County Court properly denied those branches of the defendant's omnibus motion which were to suppress physical evidence and her statements to law enforcement officials (*see People v Harvey*, 50 AD3d 1058 [2008]; *People v Ayers*, 43 AD3d 1071, 1072 [2007]).

The defendant contends that the People failed to prove her guilt of criminal possession of a weapon in the third degree beyond a reasonable doubt because the evidence presented at trial rebutted the statutory presumption concerning possession of a firearm in an automobile (*see* Penal Law § 265.15 [3] [a]). However, this contention is unpreserved for appellate review because the defendant made only a general motion to dismiss at the close of the People's proof and did not advance the specific argument now made before us (*see People v Finger*, 95 NY2d 894, 895 [2000]; *People v Garcia*, 30 AD3d 833, 835 [2006]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (*see People v Tabb*, 12 AD3d 951, 952 [2004]; *People v Delvas*, 181 AD2d 740 [1992]; *People v Hutchenson*, 136 AD2d 737, 738-739 [1988]).

In fulfilling our responsibility to conduct an independent

review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342, 348 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe their demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633, 644-645 [2006]; *People v Tabb*, 12 AD3d at 953; *People v Delvas*, 181 AD2d at 740; *People v Hutchenson*, 136 AD2d at 738).

The defendant's remaining contentions are without merit. Prudenti, P.J., Balkin, Leventhal and Austin, JJ., concur.